# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION

C.A. No. 3:25-cv-0018-EJR

District Judge Eli J. Richardson
Mag. Judge Jeffery S. Frensley

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated March 20, 2026 (the "Execution Date"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure embodies a settlement (the "Settlement") made and entered into by and among: (i) The Arbitrage Fund, AltShares Merger Arbitrage ETF, AltShares Event-Driven ETF, iMGP Alternative Strategies Fund and Chicago Capital Management, LP ("Lead Plaintiffs," as defined in Section III.1.27 below) for themselves and on behalf of each Settlement Class Member, on the one hand, and (ii) Revance Therapeutics, Inc., Mark J. Foley and Tobin C. Schilke (collectively, "Defendants"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Middle District of Tennessee (the "Court"). This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section III.1 below.

## I. LEAD PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe the claims asserted in the Action (as defined in Section III.1.1 below) have substantial merit but also have taken into account the uncertain outcome and risks of further litigation against Defendants. Lead Counsel believe that entering into the Settlement at this time confers substantial benefits upon the Settlement Class. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Settlement Class, and is fair, reasonable and adequate.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated any laws and maintain that their conduct was at all times proper and in compliance with all applicable law. Defendants have denied and continue to deny that anyone suffered monetary harm as a result of any allegedly

1

wrongful conduct by Defendants. Defendants have denied and continue to deny specifically each, every, and all the claims and contentions of wrongful conduct by Defendants alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the Action. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

## III. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiffs (for themselves and members of the Settlement Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled and released as to all Releasees, and the Action shall be settled, compromised and dismissed with prejudice as to the Defendants and all Releasees, without costs, except as stated herein, and releases extended as set forth in this Stipulation, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1. Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1 "Action" means the consolidated securities class action styled *In re Revance Therapeutics, Inc. Securities Litigation*, Case No. 3:25-cv-0018-EJR (M.D. Tenn.), and includes all actions consolidated therein.

1.2 "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

2

1.3 "Authorized Claimant" means any Settlement Class Member that submits a timely and valid Proof of Claim and Release Form that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.4 "Bar Date" is defined in Paragraph 8.6.

1.5 "Claim" means a Proof of Claim and Release Form or electronic claim submitted by a Claimant or Settlement Class Member to the Claims Administrator.

1.6 "Claimant" means a Person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.7 "Claims Administrator" means A.B. Data, Ltd., the firm retained by Lead Counsel as claims administrator for purposes of this Settlement.

1.8 "Consolidated Complaint" means the Consolidated Class Action Complaint for Violation of the Federal Securities Laws, dated June 18, 2025, filed in the Action (ECF No. 48).

1.9 "Court" means the United States District Court for the Middle District of Tennessee.

1.10 "Crown" means Crown Laboratories, Inc. and each of its respective past or present direct and indirect subsidiaries, parents (including holding companies), affiliates, associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, investment funds (including funds and account managed or advised by Revance or an affiliate thereof), joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co- insurers), assigns, assignees, and current and former employees, officers and directors, managers, members, partners and limited partners of any other of the foregoing entities.

1.11 "D&O Insurers" means Defendants' directors' and officers' liability insurance carriers and any and all of their reinsurers.

1.12 "Defendants" means Revance and Individual Defendants.

3

1.13 "Defendants' Counsel" means Kirkland & Ellis LLP, Skadden Arps, Slate, Meagher & Flom LLP, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Riley & Jacobson, PLC, and any other counsel who appeared on behalf of Defendants in the Action, and who, at the direction and supervision of Defendants, performed services on behalf of Defendants in this Action.

1.14 "Defendants' Releasees" means the Defendants, as well as each of Defendants' direct and indirect subsidiaries, parents (including holding companies), affiliates (including as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, investment funds (including funds and account managed or advised by a Defendant or an affiliate thereof), joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, D&O Insurers (including reinsurers and co- insurers), assigns, assignees, and current and former employees, officers, and directors, managers, members, partners, and limited partners of any other of the foregoing entities, in their capacities as such, as well as each of the Defendants' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, successors, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or members of his family, and any other entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

1.15 "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 10.1 of the Stipulation have been met and have occurred.

1.16 "Escrow Account" means the interest-bearing account maintained at The Huntington National Bank, wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

4

1.17    "Escrow Agent" means The Huntington National Bank, the independent third-party entity selected by Lead Counsel.

1.18    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

1.19    "Excluded Claims" means any claims of any Person or entity who or which submits a request for exclusion that is accepted by the Court.

1.20    "Fee and Expense Application" is defined in Paragraph 9.1.

1.21    "Fee and Expense Award" is defined in Paragraph 9.1.

1.22    "Final" with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit A attached hereto, or any other Court Order, means: (i) the expiration of the time to file a motion to alter or amend the Judgment without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.   Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses or an award to Lead Plaintiffs; (ii) the Plan of Allocation (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.23 "Immediate Family" with respect to the Individual Defendants means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.24 "Individual Defendants" means Mark J. Foley and Tobin C. Schilke.

1.25 "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit A

1.26 "Lead Counsel" means Entwistle & Cappucci LLP and Saxena White P.A.

1.27 "Lead Plaintiffs" means The Arbitrage Fund, AltShares Merger Arbitrage ETF, AltShares Event-Driven ETF, iMGP Alternative Strategies Fund and Chicago Capital Management, LP.

1.28 "Liaison Counsel" means Stranch, Jennings & Garvey PLLC.

1.29 "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the reimbursement of time, costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class as permitted by the PSLRA), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

1.30 "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other Court-approved deductions.

1.31 "Notice" means the Notice of: (i) Pendency of Class Action; (ii) Motion for Certification of Class and Approval of Proposed Settlement and Plan of Allocation; (iii) Settlement Fairness Hearing; and (iv) Motion for Award of Attorneys' Fees and Litigation Expenses,

substantially in the form attached hereto as Exhibit B, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, which shall be made available online at a website maintained by the Claims Administrator (the "Settlement Website") or emailed or mailed to Settlement Class Members upon request.

1.32 "Notice and Administration Costs" means the costs, fees and expenses that are actually incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice of the Settlement to the Settlement Class including through distribution of the Notice, Summary Notice, and Postcard Notice by mail, publication, and other means of locating potential Settlement Class Members; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

1.33 "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

1.34 "Party" means one of the Parties.

1.35 "Person" means an individual, corporation, partnership, limited partnership, association, pension fund, mutual fund, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, beneficiaries, trustees, or assignees.

1.36 "Plaintiffs' Award" is defined in Paragraph 9.2.

1.37 "Plaintiffs' Award Application" is defined in Paragraph 9.2.

7

1.38    "Plaintiffs' Counsel" means Lead Counsel, Liaison Counsel, and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

1.39    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation, and Defendants shall have no responsibility or liability with respect to the Plan of Allocation.  Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment or any other orders entered by the Court pursuant to this Stipulation.

1.40    "Postcard Notice" means the Postcard Notice of: (i) Pendency of Class Action, Certification of Class, and Proposed Settlement and Plan of Allocation; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit F, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, which is to be mailed or emailed to Settlement Class Members.  The Postcard Notice shall direct Settlement Class Members to the Settlement Website to access the Claim Form and the Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

1.41    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that the Postcard Notice of Settlement be provided to the Settlement Class, in the form attached hereto as Exhibit C, or in such other form as may be approved by the Court.

8

1.42 "Proof of Claim and Release Form" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit D. A Settlement Class Member must complete and submit the Proof of Claim and Release Form should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.43 "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 et seq., as amended.

1.44 "Related Persons" means (i) with respect to Defendants, Defendants' Counsel, and the D&O Insurers, each of their respective current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, attorneys, underwriters, and insurers, and each of their respective heirs, executors, administrators, successors and assigns; and (ii) with respect to the Individual Defendants, their respective Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, or any other entity in which any of them has a controlling interest, and as to such entities or trusts, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.

1.45 "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

1.46 "Released Defendants' Claims" means all claims (including, but not limited to, Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and

9

charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, assertion, resolution, or settlement of the Action. The foregoing release does not include claims relating to the enforcement of the Settlement, or any Excluded Claims.

1.47 "Released Plaintiffs' Claims" means all claims (including, but not limited to, Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in any of the complaints filed in the Action or in the actions styled *Gilmore v. Foley*, C.A. 2025-1415-NAC (Del. Ch.) and *Jones v. Foley*, C.A. 2026-0177-NAC (Del. Ch.); or (ii) could have asserted in the Action or in any other action in any other forum that (A) arise out of, are based upon, are related to any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment, or

(B) relate to the purchase, acquisition, or holding of shares of Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive (the "Class Period"), including common stock (CUSIP: 761330109; ticker "RVNC") and the 1.75% fixed coupon Convertible Senior Unsecured Notes (CUSIP 761330AB5). The foregoing release does not include claims relating to the enforcement of the Settlement, or any Excluded Claims.

1.48    "Released Defendants Parties" means each and all Defendants, Defendants' Counsel, the D&O Insurers, and their respective Related Persons.

1.49    "Released Parties" means the Released Defendants Parties and the Released Plaintiffs Parties.

1.50    "Released Plaintiffs Parties" means: Lead Plaintiffs, all other named plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, attorneys, underwriters, and insurers, and each of their respective heirs, executors, administrators, successors and assigns.

1.51    "Releasees" means each and any of the Defendants' Releasees and each and any of the Settling Plaintiffs' Releasees.

1.52    "Releasors" means any Person providing a Release in Section III.7 of this Stipulation.

1.53    "Releases" means the releases set forth in Paragraphs 7.2 through 7.4 of this Stipulation.

1.54    "Revance" means Revance Therapeutics, Inc. and each of its respective past or present direct and indirect subsidiaries, parents (including holding companies), affiliates, associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of

11

1934), divisions, investment funds (including funds and accounts managed or advised by Revance or an affiliate thereof), joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co- insurers), assigns, assignees, and current and former employees, officers and directors, managers, members,  partners and limited partners of any other of the foregoing entities.

1.55    "Revance Securities" means Revance common stock and 1.75% fixed coupon Convertible Senior Unsecured Notes.

1.56    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

1.57    "Settlement Amount" means the principal amount of seventeen million U.S. dollars and no cents ($17,000,000.00) in cash, to be paid pursuant to Paragraph 3.1 of this Stipulation.

1.58    The "Settlement Class" or "Class" consists of: all Persons and entities, other than the Excluded Persons listed below, that purchased or otherwise acquired Revance securities during the Class Period.

Excluded from the Settlement Class are the following: (i) Defendants; (ii) Crown; (iii) Persons who served as directors and officers of Revance or Crown at any time after February 28, 2024; (iv) members of any excluded Person's immediate families; (v) the heirs, successors and assigns of any excluded Person; (vi) any Person, firm, trust, corporation or other entity affiliated with Revance, Crown or any other excluded Person, or in which any excluded Person, or group of excluded Persons collectively, beneficially owns a majority stake; (vii) Defendants' liability insurance carriers; (viii) all Defendants' plans that are covered by ERISA and (ix) those Persons and entities who timely and validly request exclusion from the Class pursuant to the Notice and where such exclusion is accepted by the Court (collectively, the "Excluded Persons").

12

1.59 "Settlement Class Member" or "Class Member" means a Person who falls within the definition of the Class.

1.60 "Settlement Class Period" or "Class Period" means the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive.

1.61 "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon.

1.62 "Settlement Hearing" or "Final Approval Hearing" means the hearing to be held by the Court to determine whether: (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses and an award to Lead Plaintiffs should be approved.

1.63 "Settling Plaintiffs' Releasees" means the Lead Plaintiffs, Lead Counsel and each and every Settlement Class Member, as well as each of their current and former parents, affiliates, and subsidiaries, and their respective principals, officers, directors, employees, consultants, representatives, parents, attorneys, agents, predecessors, and partners, in their capacities as such, and the spouses, members of the Immediate Families, representatives and heirs of any Settling Plaintiffs' Releasee who is an individual, as well as any trust of which any Settling Plaintiffs' Releasee is the settlor or which is for the benefit of any of their immediate family members in their capacities as such, as well as the heirs, successors and assigns of any of the foregoing.

1.64 "Settling Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and Settlement Class Members.

1.65 "Stipulation" or "Settlement Agreement" means this Stipulation of Settlement, including the recitals and exhibits hereto (the "Exhibits"), each of which is incorporated by reference as though set forth in the Stipulation itself.

13

1.66 "Summary Notice" means the summary notice for publication, which shall be substantially in the form attached hereto as Exhibit E.

1.67 "Taxes" means all taxes of any kind (including any estimated taxes, interest, or penalties) arising with respect to any income earned by the Settlement Fund, *see* Paragraph 4.1-4.3.

1.68 "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns, *see* Paragraph 4.2.

1.69 "Termination Notice" is defined in Paragraph 10.3.

1.70 "Unknown Claims" means any and all Released Claims against the Releasees which the Releasors do not know or suspect to exist in his, her, their, or its favor as of the Effective Date, which if known by the Releasors or the Releasees might have affected his, her, their, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, the Releasors shall have expressly waived, and each Settlement Class Member shall be deemed to have waived and by operation of the Judgment and Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal.

Civ. Code Section 1542. The Releasors and the Releasees may hereafter discover facts other than or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasors shall have expressly, fully, finally, and forever settle and release, and each Settlement Class Member upon the Effective Date shall be deemed to have and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all of their respective Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Stipulation.

**2.      CAFA Notice**

2.1      Defendants will bear the costs and responsibility of serving notice of the settlement, if necessary, upon the "Appropriate State Official" and "Appropriate Federal Official," as those terms are defined by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(a), and shall do so no later than 10 calendar days after the Stipulation of Settlement is filed with the Court.

**3.      The Settlement**

**a.      The Settlement Fund**

3.1      Revance shall cause the Settlement Amount to be deposited into the Escrow Account within thirty (30) calendar days after the Court preliminarily approves the Settlement and Defendants have received all necessary payment instructions for the payment of the Settlement Amount—including, but not limited to, a completed and executed W-9, wire instructions, and the name and phone number of an individual authorized to voice confirm the wire instructions. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

15

3.2     Except as required by Paragraph 3.1 concerning payment of the Settlement Amount, Defendants shall have no obligation to make any payment into the Escrow Account or to any Lead Plaintiffs or Settlement Class Members pursuant to this Stipulation, and shall have no responsibility or liability with respect to the Escrow Account or the funds maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision, allocation or distribution of any portion of the Settlement Amount.

3.3     Without further order of the Court the Settlement Fund may be used by Lead Counsel to pay reasonable Notice and Administration Costs (in an amount not to exceed $400,000.00).

3.4     If the entire Settlement Amount is not deposited into the Escrow Account in accordance with Paragraph 3.1, Lead Counsel may terminate the Settlement, but only if: (i) Defendants' Counsel have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the Settlement Amount is not transferred to the Escrow Account within ten (10) business days after Defendants' Counsel received such written notice from Lead Counsel.

3.5     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Released Defendants Party, or any Person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16

### b. The Escrow Agent

3.6 The Escrow Agent shall invest the Settlement Fund deposited pursuant to Paragraph 3.1 hereof in instruments, funds, or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.7 The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.8 Subject to further order(s) and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.9 Except as provided herein or pursuant to orders of the Court, the entire Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be pursuant to this Stipulation and/or further order(s) of the Court.

17

**4. Taxes**

4.1 The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Defendants Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).

4.2 All Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

4.3 The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 4.

**5. Refund Upon Termination of Settlement**

5.1 In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally

18

attacked, any portion of the Settlement Fund that Defendants had caused to be deposited into the Escrow Account shall be returned, at the direction of Defendants' Counsel, to the persons who deposited the Settlement Amount into the Escrow Account within thirty (30) calendar days, except sums actually paid from the Settlement Fund for the reasonable costs of Notice and Administration Expenses.

### 6. Preliminary Approval Order and Settlement Hearing

6.1 Solely for the purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (i) certification of the Action as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (ii) certification of Lead Plaintiffs as class representatives for the Settlement Class; and (iii) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.2 Lead Counsel shall submit this Stipulation together with its exhibits (the "Exhibits") to the Court and shall move for entry the Preliminary Approval Order by March 23, 2026, unless otherwise agreed to by the Parties and the Court, which Defendants shall not oppose, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval for the emailing (and mailing where no email is available) of the Postcard Notice and publication of the Summary Notice, in the forms of Exhibits F and E, respectively, attached hereto. The Postcard Notice shall direct Settlement Class Members to the Settlement Website to access the Notice, substantially in the form contained in Exhibit B attached hereto, which shall contain the general terms of the Settlement set forth in this Stipulation, the proposed location, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

6.3 Notice shall be provided in accordance with Rule 23, based on direction from the Court. The cost of providing Notice to Settlement Class Members in the manner set forth above

19

shall be paid out of the Settlement Fund, and the Claims Administrator shall administer dissemination of the Notice, under the direction of Lead Counsel. Provided Defendants comply with their obligations under this Stipulation, Settlement Class Members shall have no recourse as to Defendants or counsel for Defendants with respect to any claims they may have that arise from any failure of the notice process.

6.4     Lead Counsel will be responsible for developing a Plan of Allocation to be approved by the Court.

6.5     Lead Counsel shall request that, after Notice is given to the Settlement Class, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award and, if requested, the Plaintiffs' Award.

**7.     Releases**

7.1     The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

7.2     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members (who have not validly opted out of the Settlement Class), on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all

20

Released Plaintiffs' Claims against the Defendants and Defendants' Releasees. This Release shall not apply to any Excluded Claim.

7.3     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members (who have not validly opted out of the Settlement Class), on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Defendants and Defendants' Releasees, in any local, state, or federal court, in the court of any foreign jurisdiction, or in any arbitral forum (whether foreign or domestic, and regardless of the procedural rules or substantive law applied by the arbitral forum), of any and all Released Plaintiffs' Claims.

7.4     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of each of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiffs and Settling Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Lead Plaintiffs and the Settling Plaintiffs' Releasees. This Release shall not apply to any Excluded Claim.

7.5     Notwithstanding Section 7, nothing in the Judgment, or the Alternate Judgment, if applicable, will bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

21

**8. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

8.1     The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel, shall provide Notice of the Settlement to the Class, shall administer and calculate the Claims submitted by Settlement Class Members pursuant to the Plan of Allocation, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

8.2     Within seven (7) calendar days after the Court enters the Preliminary Approval Order, Revance shall use reasonable efforts to: (i) locate record shareholder lists of Revance securityholders during the Class Period to the extent such lists exist; (ii) identify and provide contact information for Revance's transfer agent(s) during the Settlement Class Period; and (iii) facilitate access to such information for Lead Counsel or the Claims Administrator, without any charge to Lead Plaintiffs or the Settlement Class, for the purpose of providing notice of the proposed Settlement to the Settlement Class.  The Parties shall determine an appropriate electronic format for provision of this information.

8.3     In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Postcard Notice, substantially in the form of Exhibit F attached hereto, to be emailed or mailed (in those instances where no email address is available) by the Claims Administrator to all shareholders of record, or their nominees.  The Notice and Proof of Claim and Release Form shall also be posted on the Settlement Website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit E attached hereto, will also be published once in the national edition of The Wall Street Journal and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

8.4     The Settlement Fund shall be applied as follows:

    (a)     to pay all Notice and Administration Costs;

22

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay the Fee and Expense Award subject to the approval of the Court;

(d)     to pay any Plaintiff's Award subject to the approval of the Court; and

(e)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation and the Plan of Allocation, as approved by the Court.

8.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

8.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release Form postmarked or submitted electronically by the date specified in the Preliminary Approval Order, or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury, and supported by such documents, if any, as are specified in the Proof of Claim and Release Form.

8.7     Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim and Release Form by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release Form that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the Releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

23

8.8	The Claims Administrator shall calculate the Claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. The Defendants will have no involvement in reviewing or challenging claims. Following the Effective Date, the Claims Administrator shall distribute the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation.

8.9	Lead Counsel will be responsible for developing a Plan of Allocation to be approved by the Court.

8.10	No Person or entity shall have any claim against Lead Counsel, Lead Plaintiffs, the Defendants, the Claims Administrator, or any other agent designated by Lead Counsel or the Defendants and/or their respective counsel, arising from distributions to Settlement Class Members, the Plan of Allocation approved by the Court or any order of the Court. Neither Lead Counsel, Lead Plaintiffs, nor the Defendants, or their respective counsel, shall have any liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith. This provision does not include any claim by any party for breach of this Stipulation.

8.11	Other than in the event of the termination of the Settlement pursuant to Paragraph 5.1 or as provided in Paragraphs 10.2 and 10.4, the Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund, the Claims Administrator shall, if economically feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until

24

the remaining balance in the Net Settlement Fund is too small to distribute in an economically feasible manner, in which case the balance shall then be donated to the American Red Cross.

8.12    The finality of the Court's Judgment approving the Stipulation shall not be conditioned on any ruling by the Court concerning the Plan of Allocation.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Stipulation or affect or delay the Effective Date or the effectiveness or finality of the Judgment and Order of Dismissal and the release of the Released Claims.

8.13    Defendants shall not have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person or entity, including, but not limited to, Lead Counsel, Lead Plaintiffs, or any Settlement Class Members in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

**9.      Lead Counsel's Attorneys' Fees, Costs, Charges and Expenses**

9.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") to the Court for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; (b) payment of expenses or charges resulting from the institution and/or prosecuting the Action; and (c) any interest on such attorneys' fees and expenses as may be awarded by the Court at the same rate and for the same periods as earned by the Settlement Fund (until paid).  Any and all such fees, expenses, and charges awarded by the Court (the "Fee and Expense Award"), shall be payable solely out of the Settlement Fund.

25

9.2     Lead Plaintiffs may submit an application or applications to the Court (the "Plaintiffs' Award Application") for awards for their time and expenses in representing the Class. Any such amounts awarded to Lead Plaintiffs, as approved by the Court (the "Plaintiffs' Award"), shall be payable solely out of the Settlement Fund.

9.3     The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following entry of an order by the Court granting such award, notwithstanding the existence of any appeal or potential for appeal thereof.    Lead Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees amongst counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution and/or resolution of the Action.   In the event that the Effective Date does not occur, or the Fee and Expense Award is reversed or modified by a final non-appealable order, or the Stipulation is canceled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid to any extent, the fees and expenses received by Lead Counsel, plus interest earned thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification, shall be repaid to the Escrow Account within thirty (30) calendar days of any such reversal or modification of the order, or such termination or rejection of the Settlement.  Any refunds required pursuant to this paragraph shall be the several obligation of each firm receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.   Entwistle & Cappucci LLP and Saxena White P.A., as a condition of receiving such fees and/or expenses on its behalf, agree that each firm is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

9.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award or Plaintiffs' Award to be paid out of the Settlement Fund are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application or Plaintiffs'

26

Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and Order of Dismissal (including the Releases contained herein).

9.5 The Defendants shall not have any responsibility for or liability whatsoever with respect to the payment of any Fee and Expense Award to any Lead Counsel, or with respect to the allocation among Lead Counsel and/or any other Person who may assert a claim thereto, of any Fee and Expense Award that the Court may make in the Action.

9.6 The Defendants shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or the Notice and Administration Costs. The attorneys' fees that are awarded to Lead Counsel and the Notice and Administration Expenses shall be payable solely from the Escrow Account.

**10. Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

10.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b) the Court has entered the Preliminary Approval Order;

(c) the Settlement Amount has been deposited into the Escrow Account;

(d) no party has exercised its option to terminate this Stipulation;

(e) the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action; and

(f) the Judgment has become Final.

10.2 Upon the occurrence of all of the events referenced in Paragraph 10.1 hereof, any and all remaining interest or right to the Settlement Fund, if any, of Defendants or any Persons

27

who contributed to the Settlement Fund shall be absolutely and forever extinguished. If all of the conditions specified in Paragraph 10.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to Paragraph 10.3 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

10.3 Lead Plaintiffs, through Lead Counsel, and Defendants, through Defendants' Counsel, shall, in the discretion of each, have the right to terminate the Settlement set forth in this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Settlement Parties within thirty (30) calendar days of the date on which any of the following should happen: (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Stipulation or any material part of it; (iii) the Court enters an order declining to enter the Judgment in any material respect; or (iv) the Judgment is modified or reversed by a court of appeal or any higher court in any material respect. Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, Plaintiffs' Award Application, and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of this Stipulation or Settlement.

10.4 Except as otherwise provided herein, in the event that the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with its terms, the Settling Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action. In such event, the terms and provisions of the Stipulation, with the exception of Paragraphs 5.1, 9.3, 10.2, 11.1, and any other Paragraph that expressly survives termination of the Settlement, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be

28

treated as vacated, *nunc pro tunc*, and the Settling Parties shall be returned, to the maximum extent possible, to the position that existed as of February 12, 2026—the day before the execution of the Settling Parties' Term Sheet. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation, the Fee and Expense Award, or the Plaintiffs' Award shall constitute grounds for cancellation or termination of the Stipulation.

10.5 Revance shall have sole and exclusive discretion to terminate the Settlement in the event that Persons who otherwise would be members of the Settlement Class timely choose to exclude themselves from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and Notice given pursuant thereto purchased more than a certain number of shares of Revance Securities ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' Counsel, which is incorporated by reference into this Stipulation. The Parties shall not file the Supplemental Agreement with the Court unless instructed to do so by the Court. The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.

**11. No Admission of Wrongdoing**

11.1 Neither this Stipulation (whether or not consummated), including the exhibits hereto and any Plan of Allocation (or any other Plan of Allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any Released Defendants Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by, any

Released Defendants Party with respect to the truth of any fact alleged by Lead Plaintiffs, or any member of the Settlement Class or the validity of any claim that has been or could have been asserted in the Action or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by the Released Defendants Party or in any way referred to for any other reason as against the Released Defendants Party, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)       shall be offered against any of the Lead Plaintiffs as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Lead Plaintiffs that any of their claims are without merit, that the Released Defendants Parties had meritorious defenses, or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)       shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

30

**12.    Non-Disparagement.**    The Settling Parties agree that they will not defame, disparage, or impugn each other in any communications, written or oral, with any third party.  The Settling Parties further agree that they will not induce or encourage any third parties to engage in the conduct prohibited by this provision.  In the event of a breach by any Settling Party of this provision, any Settling Party may take any action necessary to enforce this provision, including but not limited to seeking injunction relief in addition to any other remedies in law or equity.

**13.    Miscellaneous Provisions**

13.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

13.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action and the Released Claims, or which could have been asserted with respect to the Action based on the same factual predicate.   The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

13.3    The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties, including through discussions mediated by Jed D. Melnick, Esq., and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

13.4    The Settling Parties and their counsel agree that, as between the Lead Plaintiffs and Defendants, they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of the Action, and the Judgment and Order of Dismissal shall contain a finding, as between the Lead Plaintiffs and the Released Defendants Parties, that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.   The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

13.5    Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings, or acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) are or may be deemed to be or may be used as admissions of, or evidence of the liability of or wrongdoing by the Released Defendants Parties, or of any wrongdoing or liability of the Released Defendants Parties; or (b) are or may be deemed to be or may be used as admissions of any fault or omission of the Released Defendants Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.   The Released Defendants Parties and their counsel may file the Stipulation and/or the Judgment and Order of Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

13.6    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to the terms of such agreements.

13.7    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

13.8    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest) or by order of the Court.

13.9    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

13.10    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

13.11    No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.   No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

13.12    The Stipulation, the Supplemental Agreement, and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and supersede prior understandings and agreements, if any, among or between the Settling Parties with respect to the subject matter hereof.

33

13.13   DISCLAIMER OF RELIANCE.  The Settling Parties expressly acknowledge and agree that there are no representations, agreements, arrangements or understandings, oral or written, concerning the subject matter hereof between and among the Settling Parties which are not fully expressed or incorporated by reference herein.  Each of the Settling Parties further expressly acknowledges and agrees that it has not relied on, or been induced by, any representation, warranty, statement, estimate, communication, or information, of any nature whatsoever, whether written or oral, by any other Settling Party (or any agent or representative of any Settling Party), except as expressly set forth in this Stipulation.  Each of the Settling Parties expressly disclaims reliance upon any communication or information, whether written or oral, between or among the Settling Parties at any time prior to and during the negotiation and execution of this Stipulation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

13.14   Lead Counsel, on behalf of the Settlement Class, represent that they are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

13.15   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

13.16   All notices, requests, demands, claims and other communications hereunder shall be in writing and shall be deemed duly given upon receipt of hand delivery, facsimile, or email transmission, with confirmation of receipt.  Any written notice required pursuant to or in connection with this Stipulation shall be addressed to counsel as follows:

If to Lead Plaintiffs or to Lead Counsel:

Andrew J. Entwistle, Esq.
ENTWISTLE & CAPPUCCI LLP

500 West 2nd Street, Suite 1900
Austin, TX 78701

Robert N. Cappucci, Esq.
ENTWISTLE & CAPPUCCI LLP
230 Park Avenue, 3rd Floor
New York, NY 10169

Steven B. Singer, Esq.
SAXENA WHITE P.A.
10 Bank Street
Suite 882
White Plains, NY 10606

If to Defendants or Defendants' Counsel:

Jordan D. Peterson, P.C., Esq.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Susan L. Saltzstein, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

13.17   The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.   Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

13.18   The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

13.19   The Court shall have exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.   The terms of the Stipulation shall be governed by and construed in accordance with the laws of the State of Tennessee without regard to its conflict of law principles.

35

13.20   Nothing in this Stipulation or in the approval process for the Settlement shall compromise any of Lead Plaintiffs' claims in this Action against any party other than Defendants and nothing in this Stipulation or in the approval process for the Settlement shall be used to delay the trial in this Action against any defendant other than Defendants.

13.21   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

13.22   Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants Parties.

13.23   Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

13.24   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated March 20, 2026.

36



Andrew J. Entwistle, Esq.
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street
Suite 1900
Austin, Texas 78701
Telephone: (512) 710-5960

*Lead Counsel for Lead Plaintiffs
and the Class*

Jordan D. Peterson, P.C., Esq.
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
jordan.peterson@kirkland.com

*Counsel for Defendant Revance
Therapeutics, Inc.*

Steven B. Singer, Esq.
**SAXENA WHITE P.A.**
10 Bank Street
Suite 882
White Plains, NY 10606
Telephone: (914) 437-8551

*Lead Counsel for Lead Plaintiffs
and the Class*

Jenness E. Parker, Esq.
**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-3000
jenness.parker@skadden.com

*Counsel for Defendants Mark J. Foley and Tobin
C. Schilke*

37

# EXHIBIT A

|  |  |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

## [PROPOSED] FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2026, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 20, 2026 (the "Stipulation").[1] Due and adequate notice having been given to the Settlement Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Class consists of: All persons and entities, other than the Excluded Persons listed below, that purchased or otherwise acquired Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive.

Excluded from the Settlement Class are the following: (i) Defendants; (ii) Crown; (iii) Persons who served as directors and officers of Revance or Crown at any time after February 28, 2024; (iv) members of any excluded Person's immediate families; (v) the heirs, successors and assigns of any excluded Person; (vi) any Person, firm, trust, corporation or other entity affiliated with Revance, Crown or any other excluded Person, or in which any excluded Person, or group of

---

[1] "Settling Parties" means The Arbitrage Fund, AltShares Merger Arbitrage ETF, AltShares Event-Driven ETF, iMGP Alternative Strategies Fund and Chicago Capital Management, LP (collectively, "Lead Plaintiffs") and Defendants Revance Therapeutics, Inc., Mark J. Foley and Tobin C. Schilke.

- 1 -

excluded Persons collectively, beneficially owns a majority stake; (vii) Defendants' liability insurance carriers; and (viii) all Defendants' plans that are covered by ERISA (collectively, the "Excluded Persons").

Also excluded from the Settlement Class is any Person who timely and validly sought exclusion from the Settlement Class, as identified in Exhibit A hereto.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that:

(a)     in light of the benefits to the Settlement Class and the complexity and expense of further litigation, the Settlement is, in all respects, fair, reasonable and adequate;

(b)     there was no collusion in connection with the Stipulation;

(c)     Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

(d)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)     the relief provided for the Settlement Class is adequate, having taken into account: (i) the costs, risks, and delay of the ongoing trial and likely subsequent appeals; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f)     the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other; and

(g)     the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

- 2 -

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with prejudice as to the Lead Plaintiffs, and the other Settlement Class Members and as against each and all of the Released Defendants Parties. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

6. No Person shall have any claim against the Lead Plaintiffs, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

7. Upon the Effective Date, Lead Plaintiffs, and each of the Settlement Class Members (who have not validly opted out of the Settlement Class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other Person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in that capacity, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against Defendants and Defendants' Releasees with prejudice on the merits, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' claims against the Defendant and Defendants' Releasees. Claims to enforce the terms of the Stipulation are not released.

8. Upon the Effective Date, Defendants' Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and

- 3 -

dismissed the Released Plaintiffs Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, the Lead Plaintiffs, all Settlement Class Members (that have not opted out of the Settlement Class), on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Defendants and Defendants' Releasees, in any local, state, or federal court, in the court of any foreign jurisdiction, or in any arbitral forum (whether foreign or domestic, and regardless of the procedural rules or substantive law applied by the arbitral forum), of any and all Released Plaintiffs' Claims.

10. The distribution of the Postcard Notice, posting of the Notice and Proof of Claim and Release Form, and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period

- 4 -

has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons listed on Exhibit A to this Judgment.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing or liability of the Defendants' Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants' Releasees; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Defendants' Releasees may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii)

- 5 -

hearing and determining applications for attorneys' fees and expenses in the Action; and (iv) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

14. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the respective Defendants or their insurers who funded it, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

19. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____          _____
                                    THE HONORABLE ELI J. RICHARDSON
                                    UNITED STATES DISTRICT JUDGE

- 6 -

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

**NOTICE OF: (I) PENDENCY OF CLASS ACTION; (II) MOTION FOR CERTIFICATION OF CLASS AND APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court Authorized This Notice.  This Is Not a Solicitation from a Lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you (1) purchased or acquired shares of Revance Securities (defined below) during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, including common stock (CUSIP: 761330109; ticker "RVNC") and the 1.75% fixed coupon Convertible Senior Unsecured Notes (CUSIP: 761330AB5), inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT:  Please also be advised that The Arbitrage Fund, AltShares Merger Arbitrage ETF, AltShares Event-Driven ETF, iMGP Alternative Strategies Fund and Chicago Capital Management, LP ("Lead Plaintiffs"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action with Defendants for a total of $17 million in cash that will resolve all claims against Defendants in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully.**

1. **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement reached in a class action lawsuit pending against the following defendants: Revance Therapeutics, Inc., Mark J. Foley and Tobin C. Schilke ("Defendants") (collectively, with Lead Plaintiffs, the "Settling Parties").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class" or "Settlement Class"): all Persons and entities that purchased or acquired Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive.  Excluded from the Settlement Class are the following: (i) Defendants; (ii) Crown; (iii) Persons who served as directors and officers of Revance or Crown at any time after February 28, 2024; (iv) members of any excluded Person's immediate families; (v) the heirs, successors and assigns of any excluded Person; (vi) any Person, firm, trust, corporation or other entity affiliated with Revance, Crown or any other excluded Person, or in which any excluded Person, or group of excluded Persons collectively, beneficially owns a majority stake; (vii) Defendants' liability insurance carriers; (viii) all Defendants' plans that are covered by ERISA and (ix) those Persons and entities who timely and validly request exclusion from the Class pursuant to the Notice and where such exclusion is accepted by the Court (collectively, the "Excluded Persons").  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (877) 507-1390.

2. **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully in ¶¶3-6 below, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶53 below) against Defendants and other Defendants' Releasees (as defined in ¶55 below) in exchange for a settlement payment of $17 million in cash (the "Settlement Amount"). The Net Settlement Fund (the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other Court-approved deductions) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class. The Plan of Allocation is a basis for determining the relative positions of

- 1 -

Settlement Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3. **Statement of Average Distribution Per Share:** The Settlement Fund consists of the $17 million Settlement Amount plus interest earned. Assuming all potential Settlement Class Members elect to participate, the estimated average recovery is $0.16 per damaged common share and $10.26 per damaged note before fees and expenses. Settlement Class Members may recover more or less than this amount depending on, among other factors: the aggregate value of the Recognized Claims (defined below) represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; what type of security and when it was purchased or acquired and the price at the time of purchase or acquisition; whether the security was sold, and if so, when it was sold and for how much. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4. **Statement of the Parties' Position on Damages:** Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiffs and/or the Settlement Class and that Lead Plaintiffs or other members of the Settlement Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiffs were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false or misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions; and (iii) all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 33% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel will also apply to the Court for payment from the Settlement Fund for Lead Counsel's Litigation Expenses, in a total amount not to exceed $250,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's Fee and Expense Application, the estimated average cost per damaged common share is $0.06 and per note is $2.99. In addition, Lead Counsel will apply for an award to Lead Plaintiffs in an amount not to exceed $25,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Class are being represented by Entwistle & Cappucci LLP and Saxena White P.A. ("Lead Counsel"). Any questions regarding the Settlement should be directed to Andrew J. Entwistle, Esq. at Entwistle & Cappucci LLP, 500 W. 2nd Street, Suite 1900, Austin, TX 79701; or Robert N. Cappucci, Esq. at Entwistle & Cappucci LLP, 230 Park Avenue, 3rd Floor, New York, NY 10169, aentwistle@entwistle-law.com, rcappucci@entwistle-law.com; or Jonathan D. Lamet, Esq. at Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, settlements@saxenawhite.com.

---

### YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT

---

| DO NOTHING | Get no payment. Remain a Class Member. Give up your rights. |
|---|---|
| SUBMIT A PROOF OF CLAIM AND RELEASE FORM POSTMARKED OR SUBMITTED ONLINE NO LATER THAN [_____], 2026 | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a Proof of Claim and Release Form (the "Claim Form" or "Proof of Claim Form"), postmarked or submitted online no later than _____ __, 2026. See paragraph 59 below for more information regarding how to participate in the Settlement |
| EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A REQUEST FOR EXCLUSION THAT IS RECEIVED BY _____, 2026. | Get no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against Defendants or any other Released Defendants Parties about the legal claims being resolved by this Settlement. You cannot object to the proposed Settlement and cannot submit a Claim Form if you exclude yourself. See paragraph 60-62 for instructions on how to request exclusion. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2026 | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. You do not need to submit a Claim Form to object. If you submit a written objection, you may (but do not have to) attend the hearing. See paragraphs 63-71 for instructions on how to object. |
| GO TO THE HEARING ON [_____], 2026, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [        ], 2026 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About? What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page __ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page __ |

- 3 -

| | |
|---|---|
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| What If I Do Not Want to be a Member of the Class? How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Do Not Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page |

## WHY DID I GET THIS NOTICE

7. The purpose of this Notice is to inform you about: (i) this Action, (ii) the terms of the proposed Settlement, and (iii) your rights in connection with a hearing to be held before the United States District Court, Middle District of Tennessee (the "Court"), on _____, 2026, at____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the court selects one or more people or entities, known as class representatives, to sue on behalf of all people or entities with similar claims, commonly known as the class or the class members. In the Action, the Court has appointed Lead Plaintiffs as the representatives of the Settlement Class.

9. The Court in charge of this case is the United States District Court for the Middle District of Tennessee, and the case is known as *In re Revance Therapeutics, Inc. Securities Litigation*, Case No. 3:25-cv-0018-EJR (M.D. Tenn.). The judge presiding over this case is the Honorable Eli J. Richardson, United States District Judge. The people and entities who are suing are called Lead Plaintiffs, and those who are being sued are called Defendants. In this case, the Defendants are Revance Therapeutics, Inc., Mark J. Foley and Tobin C. Schilke.

10. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to get them. It also informs you of the proposed Class to be certified for settlement purposes, the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the proposed Plan of Allocation and related matters, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11. The Settlement Hearing will be held on _____, 2026, at _____ .m., before the Honorable Eli J. Richardson, at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203, for the following purposes:

A. to determine whether the proposed Class should be certified for settlement purposes;

B. to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation of Settlement ("Stipulation") is fair, reasonable and adequate and should be approved by the Court;

C. to determine whether the Judgment as provided for under the Stipulation should be entered;

D. to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

E. to determine whether the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses (including awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4)) should be approved; and

F. to rule upon such other matters as the Court may deem appropriate.

12. This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after appeals, if any, are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

13. This is a securities class action against Defendants for alleged violations of the federal securities laws. Lead Plaintiffs allege that Defendants made material misrepresentations and omissions, with scienter, in connection with the Company's statements regarding its relationship with Teoxane SA and the tender offer and merger transaction with Crown Laboratories, Inc. ("Crown"). Defendants deny the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Class.

14. The original securities class action complaint in the Action was filed on January 3, 2025. Plaintiffs then moved for an order appointing them as Lead Plaintiffs in the case and approving their selection of lead counsel for the Class. On March 20, 2025, the Court appointed Lead Plaintiffs to lead the Action and appointed Entwistle & Cappucci LLP and Saxena White P.A. as Lead Counsel.

15. On June 18, 2025, Lead Plaintiffs filed the Consolidated Complaint against all Defendants alleging that those Defendants violated, variously, Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. On August 28, 2025, Defendants filed their motion to dismiss the Consolidated Complaint. Lead Plaintiffs filed their response in opposition to Defendants' motion to dismiss on October 24, 2025, and Defendants' reply in further support their motion to dismiss was filed on December 5, 2025.

- 5 -

16. While Defendants' motion to dismiss was pending, the Settling Parties engaged the services of the Jed D. Melnick, Esq., a nationally recognized mediator. On January 22, 2026, the Settling Parties participated in an all-day mediation session with Mr. Melnick serving as a mediator. In advance of the mediation, the Settling Parties submitted and exchanged detailed mediation statements, which addressed among other things, issues related to falsity and loss causation. Although a settlement was not reached at the mediation, the Settling Parties continued settlement discussions with Mr. Melnick and ultimately an agreement was reached on February 1, 2026 to settle the Action for a total of $17 million.

17. Based on their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Settlement, as set forth in the Stipulation, are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement and the significant risks and costs of continued litigation and trial.

18. Lead Plaintiffs sought and obtained an order granting preliminary approval of the Settlement and permitting notice to the Settlement Class, which was entered on April _____, 2026.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

19. If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded. The Settlement Class consists of:

All Persons and entities that purchased or otherwise acquired Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive, including common stock (CUSIP: 761330109; ticker "RVNC") and 1.75% fixed coupon Convertible Senior Unsecured Notes (CUSIP 761330AB5).

Excluded from the Settlement Class are: (i) Defendants; (ii) Crown; (iii) Persons who served as directors and officers of Revance or Crown at any time after February 28, 2024; (iv) members of any excluded Person's immediate families; (v) the heirs, successors and assigns of any excluded Person; (vi) any Person, firm, trust, corporation or other entity affiliated with Revance, Crown or any other excluded Person, or in which any excluded Person, or group of excluded Persons collectively, beneficially owns a majority stake; (vii) Defendants' liability insurance carriers; and (viii) all Defendants' plans that are covered by ERISA. Also excluded from the Settlement Class are those Persons and entities who timely and validly request exclusion from the Settlement Class pursuant to the Notice and where such exclusion is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" at paragraphs 60-62 below.

Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (877) 507-1390.

- 6 -

RECEIPT OF THE POSTCARD NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2026.  YOU MAY ALSO SUBMIT A CLAIM FORM ONLINE AT WWW.REVANCESECURITIESSETTLEMENT.COM BY [_____], 2026.

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

20.     Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiffs and Lead Counsel recognize, however, the risk of pursuing their claims against Defendants through the ongoing trial and appeals, as well as the difficulties in establishing liability and damages.  Lead Plaintiffs and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include the risk that the pending motion to dismiss or the anticipated motion(s) for summary judgment and challenges to Lead Plaintiffs' experts could be granted and, the risk that Lead Plaintiffs would be unsuccessful in proving at trial that Defendants' alleged misrepresentations were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

21.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $17 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after trial and any appeals, possibly years in the future.

22.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damage, that Lead Plaintiffs or the Settlement Class was harmed by the conduct alleged in the Action, or that the Action is properly certifiable as a class action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23.     If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of the alleged claims at trial, neither Lead Plaintiffs nor the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

24. Defendants have agreed to pay or cause to be paid Seventeen Million Dollars ($17,000,000.00) in cash into escrow for the benefit of the Settlement Class. At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement. Lead Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Settlement Class Members who timely submit valid Claim Forms. The Plan of Allocation proposed by Lead Plaintiffs is set forth below, and additional information is available on the case-specific website, www.RevanceSecuritiesSettlement.com.

25. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiffs, Settlement Class Members, the Claims Administrator, Defendants and the other Defendants' Releasees (defined below), or any person or entity designated by Lead Counsel. All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Plaintiffs' Claims.

26. The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the claim of any member of the Class.

27. The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiffs and Lead Counsel for the Court's approval. The Court may approve this plan as proposed, or it may modify it without further notice to the Settlement Class.

28. Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Middle District of Tennessee, with respect to his, her or its Claim Form.

29. Persons and entities that excluded themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

**PLAN OF ALLOCATION**

30. The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations made pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

- 8 -

31. The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Revance common stock and Revance notes[1] to be artificially inflated throughout the Class Period, February 29, 2024 through February 6, 2025, inclusive. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Revance common stock and Revance notes (collectively, "Revance Securities") as the truth concerning Defendants' alleged misrepresentations and material omissions was publicly revealed, adjusting for price changes that were attributable to market or industry forces.

32. In order to have recoverable damages, the disclosure of the allegedly misrepresented information must have been the cause of the adverse change in the price of Revance Securities. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of Revance common stock and notes. Plaintiffs further assert that corrective information was released to the market on: September 13, 2024, September 23, 2024, October 25, 2024, November 7, 2024 (after the close of trading), December 9, 2024, and February 6, 2025, which partially removed the artificial inflation from the prices of Revance common stock and notes on: September 16, 2024, September 23, 2024, October 25, 2024, November 8, 2024, December 9, 2024,[2] and February 6, 2025. Plaintiffs also allege that Defendants made false statements and omitted material facts that caused the price to be artificially inflated on two separate occasions during the Class Period: October 25, 2024 (after the close of trading) and November 12, 2024. As a result, the price of Revance common stock was further artificially inflated on October 28, 2024 and November 12, 2024, and the price of Revance notes was further artificially inflated on October 28, 2024.

33. Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the price of Revance Securities at the time of purchase and at the time of sale, or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount pursuant to the Plan of Allocation, a Settlement Class Member must have held Revance common stock or notes purchased or acquired during the Class Period over at least one of the days when corrective information was released to the market and partially removed the artificial inflation from the price of Revance common stock or notes.

34. Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Revance common stock and/or note during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that number will be zero. The sum of a Claimant's Recognized Loss Amount from Revance common

---

[1] "Revance notes" refers solely to the Revance security with CUSIP 761330AB5, the 1.75% fixed coupon Convertible Senior Unsecured Notes which first traded publicly on February 14, 2020. All Revance note "per note" prices are in terms of *per* $1,000 par value. To find the raw, nominal cash price, multiply the given price (or inflation) by 10 (1% of $1,000).

[2] Note that because the price for Revance notes increases on December 9, 2024, this date is not considered a corrective event for Revance notes.

- 9 -

stock will be the Claimant's "Recognized Equity Claim." The sum of a Claimant's Recognized Loss Amount from Revance notes will be the Claimant's "Recognized Debt Claim."

35.     The total Recognized Debt Claims of all Authorized Claimants will be paid pro rata from the "Revance Debt Claims Allocation of the Net Settlement Fund," which shall be at least 2% ($340,000) of the Settlement Amount,[3] less a proportional amount of Notice and Administration Expenses, Court awarded attorneys' fees and expenses, and Taxes.  Once the Revance Debt Claims Allocation of the Net Settlement Fund is accounted for, the remainder of the Net Settlement Fund is the "Revance Equity Claims Allocation of the Net Settlement Fund."

36.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Equity Claim and/or Recognized Debt Claim.  Each Authorized Claimant's pro rata share shall be (i) the Authorized Claimant's Recognized Debt Claim divided by the total of all Recognized Debt Claims, multiplied by the Revance Debt Claims Allocation of the Net Settlement Fund, plus (ii) the Authorized Claimant's Recognized Equity Claim divided by the total of all Recognized Equity Claims, multiplied by the Revance Equity Claims Allocation of the Net Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

**Revance Common Stock**

37.     For each share of Revance common stock purchased or otherwise acquired during the period from February 29, 2024 through the close of trading on February 6, 2025, and:[4]

> A.  Sold before September 16, 2024, the Recognized Loss Amount will be $0.00;
>
> B.  Sold from September 16, 2024 through the close of trading on February 6, 2025, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A[5] *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; (ii) the amount of artificial inflation per share on the date of

---

[3] While it is unlikely that the total Revance Debt Claims will be lower than $340,000, should that happen, the excess amount shall become available to compensate Authorized Claimants with Recognized Equity Claims.

[4] Any share of Revance common stock purchased or otherwise acquired during the period from February 29, 2024 through the close of trading on February 6, 2025 and not held over one of the alleged corrective disclosures listed above have a Recognized Loss Amount of $0.00.

[5] In Table A, artificial inflation associated with the final corrective disclosure on February 6, 2025 has been calculated to $0.01 in order to reflect the fact that although the truth was not fully revealed, the shares were trading approximately at or below the ultimate Tender Offer price.

- 10 -

purchase/acquisition as stated in Table B[6] *minus* the amount of artificial inflation per share on the date of sale as stated in Table B; or (iii) the purchase/acquisition price *minus* the sale price;

C. Held as of the close of trading on February 6, 2025, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table B; or (ii) the purchase/acquisition price *minus* $3.65.[7]

**Revance Notes[8]**

38. For each share of Revance notes purchased or otherwise acquired during the period from February 29, 2024 through the close of trading on February 6, 2025, and:[9]

A. Sold before September 16, 2024, the Recognized Loss Amount will be $0.00;

B. Sold from September 16, 2024 through the close of trading on February 6, 2025, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table C[10] *minus* the amount of artificial inflation per note on the date of sale as stated in Table C; (ii) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table D[11] *minus* the amount of artificial

---

[6] In Table B, artificial inflation associated with the final corrective disclosure on February 6, 2025 has been calculated to $0.01 in order to reflect the fact that although the truth was not fully revealed, the shares were trading approximately at or below the ultimate Tender Offer price.

[7] Pursuant to Section 21D(e)(1) of the Exchange Act, Recognized Loss Amounts on transactions in Revance common stock are reduced to an appropriate extent by taking into account the closing prices of Revance common stock during the "90-day look-back period" after the Class Period. As a result of the fact that Revance common stock was delisted on February 6, 2025, the closing price of $3.65 will be utilized for all transactions held as of market close on February 6, 2025.

[8] All Revance note "per note" prices are in terms of *per* $1,000 par value. To find the raw, nominal cash price, multiply the given price (or inflation) by 10 (1% of $1,000).

[9] Any Revance note purchased or otherwise acquired during the period from February 29, 2024 through the close of trading on February 6, 2025 and not held over one of the alleged corrective disclosures listed above have a Recognized Loss Amount of $0.00.

[10] In Table C, artificial inflation associated with the final corrective disclosure on February 6, 2025, has been calculated to $0.01 in order to reflect the fact that although the truth was not fully revealed, the market price of the notes increased during that period.

[11] In Table D, artificial inflation associated with the final corrective disclosure on February 6, 2025, has been calculated to $0.01 in order to reflect the fact that although the truth was not fully revealed, the market price of the notes increased during that period.

inflation per note on the date of sale as stated in Table D; or (iii) the purchase/acquisition price *minus* the sale price;

C. Sold from the close of trading on February 6, 2025 through the close of trading on February 28, 2025,[12] the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table C; (ii) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table D; (iii) the purchase/acquisition price *minus* the average closing price from February 6, 2025 through the date of sale as stated in Table E below; or (iv) the purchase/acquisition price *minus* the sale price; or

D. Held as of the close of trading on February 28, 2025, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table C; (ii) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table D; or (iii) the purchase/acquisition price *minus* $99.80.[13]

## ADDITIONAL PROVISIONS

39. **Recognized Claim:** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts.

40. **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of Revance Securities during the Class Period, all purchases/acquisitions and sales of the like security will be matched on a First In, First Out ("FIFO") basis. With respect to Revance common stock and notes, sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

41. **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

42. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Revance Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Revance Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of such

---

[12] There is no additional trading data available for Revance notes after February 28, 2025 so the "90-day look-back period" average price ends on February 28, 2025.

[13] Pursuant to Section 21D(e)(1) of the Exchange Act, Recognized Loss Amounts on transactions in Revance notes are reduced to an appropriate extent by taking into account the closing prices of Revance notes during the "90-day look-back period," from February 6, 2025 through February 28, 2025. The mean (average) closing price for Revance notes during this "90-day" look-back period was $99.80.

Revance Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Revance Securities unless (i) the donor or decedent purchased or otherwise acquired or sold such Revance Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Revance Securities.

43.     **Short Sales:** With respect to Revance common stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Revance common stock. The date of a "short sale" is deemed to be the date of sale of the Revance common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

44.     In the event that a Claimant has an opening short position in Revance common stock, the earliest purchases or acquisitions of Revance common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

45.     **Common Stock Purchased/Sold Through the Exercise of Options:** Revance common stock and Revance notes are the only securities eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Revance common stock are not securities eligible to participate in the Settlement. With respect to Revance common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

46.     **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund, as discussed above.[14]

47.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment with a minimum of 2% being allocated to Recognized Debt Claimants.

48.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

49.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than four (4) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses

---

[14] This provision is subject to the 2% minimum of the Settlement Amount to be allocated to Recognized Debt Claimants.

incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions after the deduction of any additional fees and expenses incurred in administering the Settlement would be cost-effective. At such time as it is determined that further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed the American Red Cross.

50. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Settling Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

51. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed, or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.RevanceSecuritiesSettlement.com.

**TABLE A**
**Estimated Artificial Inflation in Revance Common Stock**
**from February 29, 2024 through and including February 6, 2025**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 29, 2024 | $3.24 |
| March 1, 2024 - March 3, 2024 | $3.17 |
| March 4, 2024 | $2.76 |
| March 5, 2024 | $2.95 |
| March 6, 2024 | $2.88 |
| March 7, 2024 | $2.80 |
| March 8, 2024 - March 10, 2024 | $2.73 |
| March 11, 2024 | $2.84 |
| March 12, 2024 | $2.85 |
| March 13, 2024 | $2.73 |
| March 14, 2024 | $2.47 |
| March 15, 2024 - March 17, 2024 | $2.41 |

- 14 -

| Date | Price |
|---|---|
| March 18, 2024 | $2.24 |
| March 19, 2024 | $2.24 |
| March 20, 2024 | $2.30 |
| March 21, 2024 | $2.36 |
| March 22, 2024 - March 24, 2024 | $2.21 |
| March 25, 2024 | $2.11 |
| March 26, 2024 | $2.13 |
| March 27, 2024 | $2.24 |
| March 28, 2024 - March 31, 2024 | $2.23 |
| April 1, 2024 | $2.15 |
| April 2, 2024 | $2.05 |
| April 3, 2024 | $2.07 |
| April 4, 2024 - April 7, 2024 | $2.00 |
| April 8, 2024 | $2.02 |
| April 9, 2024 | $2.13 |
| April 10, 2024 | $2.00 |
| April 11, 2024 | $2.02 |
| April 12, 2024 - April 14, 2024 | $1.88 |
| April 15, 2024 | $1.80 |
| April 16, 2024 | $1.73 |
| April 17, 2024 | $1.71 |
| April 18, 2024 | $1.72 |
| April 19, 2024 - April 21, 2024 | $1.72 |
| April 22, 2024 | $1.65 |
| April 23, 2024 | $1.66 |
| April 24, 2024 | $1.62 |
| April 25, 2024 | $1.49 |
| April 26, 2024 - April 28, 2024 | $1.54 |
| April 29, 2024 | $1.68 |
| April 30, 2024 | $1.64 |
| May 1, 2024 | $1.72 |
| May 2, 2024 | $1.71 |
| May 3, 2024 - May 5, 2024 | $1.79 |
| May 6, 2024 | $1.86 |
| May 7, 2024 | $1.99 |
| May 8, 2024 | $1.94 |
| May 9, 2024 | $1.95 |
| May 10, 2024 - May 13, 2024 | $1.51 |
| May 14, 2024 | $1.58 |

- 15 -

| | |
|---|---|
| May 15, 2024 | $1.50 |
| May 16, 2024 | $1.43 |
| May 17, 2024 - May 19, 2024 | $1.37 |
| May 20, 2024 | $1.43 |
| May 21, 2024 | $1.37 |
| May 22, 2024 | $1.33 |
| May 23, 2024 | $1.21 |
| May 24, 2024 - May 27, 2024 | $1.23 |
| May 28, 2024 | $1.21 |
| May 29, 2024 | $1.27 |
| May 30, 2024 | $1.31 |
| May 31, 2024 - June 2, 2024 | $1.29 |
| June 3, 2024 | $1.37 |
| June 4, 2024 | $1.32 |
| June 5, 2024 | $1.38 |
| June 6, 2024 | $1.32 |
| June 7, 2024 - June 9, 2024 | $1.23 |
| June 10, 2024 | $1.24 |
| June 11, 2024 | $1.34 |
| June 12, 2024 | $1.37 |
| June 13, 2024 | $1.35 |
| June 14, 2024 - June 16, 2024 | $1.28 |
| June 17, 2024 - June 19, 2024 | $1.27 |
| June 20, 2024 | $1.30 |
| June 21, 2024 - June 23, 2024 | $1.21 |
| June 24, 2024 | $1.17 |
| June 25, 2024 | $1.07 |
| June 26, 2024 | $1.06 |
| June 27, 2024 | $1.17 |
| June 28, 2024 - July 1, 2024 | $1.17 |
| July 2, 2024 | $1.10 |
| July 3, 2024 - July 4, 2024 | $1.22 |
| July 5, 2024 - July 7, 2024 | $1.21 |
| July 8, 2024 | $1.27 |
| July 9, 2024 | $1.31 |
| July 10, 2024 | $1.32 |
| July 11, 2024 | $1.48 |
| July 12, 2024 - July 14, 2024 | $1.63 |
| July 15, 2024 | $1.73 |

| | |
|---|---|
| July 16, 2024 | $1.93 |
| July 17, 2024 | $1.80 |
| July 18, 2024 | $1.66 |
| July 19, 2024 - July 21, 2024 | $1.65 |
| July 22, 2024 | $1.82 |
| July 23, 2024 | $1.97 |
| July 24, 2024 | $1.78 |
| July 25, 2024 | $1.71 |
| July 26, 2024 - July 28, 2024 | $1.78 |
| July 29, 2024 | $1.72 |
| July 30, 2024 | $1.68 |
| July 31, 2024 | $1.72 |
| August 1, 2024 | $1.53 |
| August 2, 2024 - August 4, 2024 | $1.45 |
| August 5, 2024 | $1.39 |
| August 6, 2024 | $1.40 |
| August 7, 2024 | $1.28 |
| August 8, 2024 | $1.34 |
| August 9, 2024 - August 11, 2024 | $1.60 |
| August 12, 2024 | $3.00 |
| August 13, 2024 | $2.99 |
| August 14, 2024 | $2.99 |
| August 15, 2024 | $2.99 |
| August 16, 2024 - August 18, 2024 | $3.01 |
| August 19, 2024 | $3.00 |
| August 20, 2024 - August 21, 2024 | $3.00 |
| August 22, 2024 | $2.99 |
| August 23, 2024 - August 25, 2024 | $3.00 |
| August 26, 2024 - August 28, 2024 | $2.99 |
| August 29, 2024 - September 2, 2024 | $2.98 |
| September 3, 2024 | $2.99 |
| September 4, 2024 | $2.99 |
| September 5, 2024 | $2.98 |
| September 6, 2024 - September 9, 2024 | $2.99 |
| September 10, 2024 | $2.98 |
| September 11, 2024 | $2.99 |
| September 12, 2024 | $2.98 |
| September 13, 2024 - September 15, 2024 | $2.97 |
| September 16, 2024 | $2.38 |

- 17 -

| | |
|---|---|
| September 17, 2024 | $2.38 |
| September 18, 2024 | $2.39 |
| September 19, 2024 | $2.33 |
| September 20, 2024 - September 22, 2024 | $2.31 |
| September 23, 2024 | $1.82 |
| September 24, 2024 | $1.86 |
| September 25, 2024 | $1.80 |
| September 26, 2024 | $1.83 |
| September 27, 2024 - September 29, 2024 | $1.82 |
| September 30, 2024 | $1.76 |
| October 1, 2024 | $1.76 |
| October 2, 2024 | $1.76 |
| October 3, 2024 | $1.78 |
| October 4, 2024 - October 6, 2024 | $1.77 |
| October 7, 2024 | $1.81 |
| October 8, 2024 | $1.77 |
| October 9, 2024 | $1.78 |
| October 10, 2024 | $1.78 |
| October 11, 2024 - October 13, 2024 | $1.79 |
| October 14, 2024 | $1.74 |
| October 15, 2024 | $1.76 |
| October 16, 2024 | $1.79 |
| October 17, 2024 | $1.76 |
| October 18, 2024 - October 20, 2024 | $1.79 |
| October 21, 2024 | $1.79 |
| October 22, 2024 - October 23, 2024 | $1.79 |
| October 24, 2024 | $1.80 |
| October 25, 2024 - October 27, 2024 | $1.19 |
| October 28, 2024 | $2.39 |
| October 29, 2024 | $2.39 |
| October 30, 2024 | $2.39 |
| October 31, 2024 | $2.39 |
| November 1, 2024 - November 3, 2024 | $2.35 |
| November 4, 2024 | $2.35 |
| November 5, 2024 | $2.36 |
| November 6, 2024 | $2.35 |
| November 7, 2024 | $2.34 |
| November 8, 2024 - November 10, 2024 | $0.25 |
| November 11, 2024 | $0.23 |

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| November 12, 2024 | $0.86 |
| November 13, 2024 | $0.89 |
| November 14, 2024 | $0.90 |
| November 15, 2024 - November 17, 2024 | $0.87 |
| November 18, 2024 | $0.83 |
| November 19, 2024 | $0.79 |
| November 20, 2024 | $0.79 |
| November 21, 2024 | $0.80 |
| November 22, 2024 - November 24, 2024 | $0.78 |
| November 25, 2024 | $0.79 |
| November 26, 2024 | $0.84 |
| November 27, 2024 - November 28, 2024 | $0.79 |
| November 29, 2024 - December 1, 2024 | $0.75 |
| December 2, 2024 | $0.78 |
| December 3, 2024 | $0.82 |
| December 4, 2024 | $0.87 |
| December 5, 2024 | $0.82 |
| December 6, 2024 - December 8, 2024 | $0.80 |
| December 9, 2024 - February 6, 2025 | $0.01 |

**TABLE B**
**Estimated Artificial Inflation Cap in Revance Common Stock**
**from February 29, 2024 through and including February 6, 2025**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 29, 2024 – September 15, 2024 | $2.82 |
| September 16, 2024 – September 22, 2024 | $2.21 |
| September 23, 2024 – October 24, 2024 | $1.68 |
| October 25, 2024 – October 27, 2024 | $1.07 |
| October 28, 2024 – November 7, 2024 | $2.27 |
| November 8, 2024 – November 11, 2024 | $0.18 |
| November 12, 2024 – December 8, 2024 | $0.80 |
| December 9, 2024 – February 6, 2025 | $0.01 |

**TABLE C**
**Estimated Artificial Inflation[15] in Revance Notes**
**from February 29, 2024 through and including February 6, 2025**

---

[15] Revance note inflation is presented in terms of *per* $1,000 par value.  To find the raw, nominal cash price, multiply the given price by 10 (1% of $1,000).

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 29, 2024 | $13.41 |
| March 1, 2024 - March 3, 2024 | $13.33 |
| March 4, 2024 - March 5, 2024 | $13.79 |
| March 6, 2024 | $13.83 |
| March 7, 2024 - March 11, 2024 | $13.79 |
| March 12, 2024 - March 17, 2024 | $13.60 |
| March 18, 2024 | $13.66 |
| March 19, 2024 - March 20, 2024 | $13.57 |
| March 21, 2024 | $13.65 |
| March 22, 2024 - March 25, 2024 | $13.54 |
| March 26, 2024 | $13.65 |
| March 27, 2024 - March 31, 2024 | $13.14 |
| April 1, 2024 - April 2, 2024 | $13.74 |
| April 3, 2024 | $13.65 |
| April 4, 2024 - April 7, 2024 | $13.51 |
| April 8, 2024 | $12.96 |
| April 9, 2024 - April 10, 2024 | $13.42 |
| April 11, 2024 - April 15, 2024 | $13.47 |
| April 16, 2024 - April 21, 2024 | $12.96 |
| April 22, 2024 - April 29, 2024 | $12.42 |
| April 30, 2024 | $12.49 |
| May 1, 2024 - May 5, 2024 | $12.22 |
| May 6, 2024 - May 9, 2024 | $12.49 |
| May 10, 2024 - May 14, 2024 | $12.56 |
| May 15, 2024 - May 19, 2024 | $12.17 |
| May 20, 2024 - May 23, 2024 | $12.05 |
| May 24, 2024 - June 2, 2024 | $12.22 |
| June 3, 2024 - June 5, 2024 | $12.03 |
| June 6, 2024 - June 20, 2024 | $12.04 |
| June 21, 2024 - June 25, 2024 | $12.15 |
| June 26, 2024 - July 4, 2024 | $11.94 |
| July 5, 2024 - July 10, 2024 | $12.22 |
| July 11, 2024 | $12.25 |
| July 12, 2024 - July 16, 2024 | $12.48 |
| July 17, 2024 - July 18, 2024 | $12.54 |
| July 19, 2024 - July 22, 2024 | $12.42 |
| July 23, 2024 | $12.49 |

- 20 -

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| July 24, 2024 - July 31, 2024 | $12.59 |
| August 1, 2024 | $12.58 |
| August 2, 2024 - August 7, 2024 | $11.80 |
| August 8, 2024 | $11.58 |
| August 9, 2024 - August 11, 2024 | $12.86 |
| August 12, 2024 | $18.03 |
| August 13, 2024 - August 15, 2024 | $18.07 |
| August 16, 2024 - August 19, 2024 | $17.87 |
| August 20, 2024 - August 25, 2024 | $18.09 |
| August 26, 2024 | $18.14 |
| August 27, 2024 | $18.13 |
| August 28, 2024 - September 10, 2024 | $18.12 |
| September 11, 2024 - September 12, 2024 | $18.09 |
| September 13, 2024 - September 15, 2024 | $18.05 |
| September 16, 2024 - September 18, 2024 | $17.65 |
| September 19, 2024 - September 22, 2024 | $16.63 |
| September 23, 2024 | $9.02 |
| September 24, 2024 - October 2, 2024 | $9.36 |
| October 3, 2024 - October 9, 2024 | $9.11 |
| October 10, 2024 | $8.93 |
| October 11, 2024 - October 20, 2024 | $9.46 |
| October 21, 2024 - October 23, 2024 | $9.58 |
| October 24, 2024 | $9.60 |
| October 25, 2024 - October 27, 2024 | $7.91 |
| October 28, 2024 - October 29, 2024 | $13.48 |
| October 30, 2024 - November 7, 2024 | $13.63 |
| November 8, 2024 - February 6, 2025 | $0.01 |

**TABLE D**
**Estimated Artificial Inflation[16] Cap in Revance Notes**
**from February 29, 2024 through and including February 6, 2025**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 29, 2024 – September 15, 2024 | $17.75 |
| September 16, 2024 – September 22, 2024 | $17.35 |

---

[16] Revance note inflation is presented in terms of *per* $1,000 par value.  To find the raw, nominal cash price, multiply the given price by 10 (1% of $1,000).

| September 23, 2024 – October 24, 2024 | $9.74 |
|---|---|
| October 25, 2024 – October 27, 2024 | $8.05 |
| October 28, 2024 – November 7, 2024 | $13.63 |
| November 8, 2024 – February 6, 2025 | $0.01 |

**TABLE E**
**"90-Day" Look-Back Table for Revance Notes**
**(Closing Price[17] and Average Closing Price: February 6, 2025 – February 28, 2025)**

| Date | Closing Price | Average Closing Price Between February 06, 2025 and Date Shown |
|---|---|---|
| 2/6/2025 | $99.72 | $99.72 |
| 2/7/2025 | $99.75 | $99.74 |
| 2/10/2025 | $99.76 | $99.74 |
| 2/28/2025 | $99.95 | $99.80 |

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

52.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiffs, and all other Settling Plaintiffs' Releasees (as defined in ¶56 below) shall have waived, released, discharged and dismissed each and every one of the Released Plaintiffs' Claims (as defined in ¶53 below), including Unknown Claims (as defined in ¶57 below), against each and every one of the Defendants' Releasees (as defined in ¶55 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees, whether or not they execute and deliver the Claim Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

53.     "Released Plaintiffs' Claims" means all claims (including, but not limited to, Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether

---

[17] Revance note prices are in terms of *per* $1,000 par value.  To find the raw, nominal cash price, multiply the given price by 10 (1% of $1,000).

- 22 -

foreign or domestic, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in any of the complaints filed in the Action or in the actions styled *Gilmore v. Foley*, C.A. 2025-1415-NAC (Del. Ch.) and *Jones v. Foley*, C.A. 2026-0177-NAC (Del. Ch.); or (ii) could have asserted in the Action or in any other action in any other forum that (A) arise out of, are based upon, are related to any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment, or (B) relate to the purchase, acquisition, or holding of shares of Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive (the "Class Period"), including common stock (CUSIP: 761330109; ticker "RVNC") and the 1.75% fixed coupon Convertible Senior Unsecured Notes (CUSIP 761330AB5).

54. "Released Defendants' Claims" means all claims (including, but not limited to, Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, assertion, resolution, or settlement of the Action. The foregoing release does not include claims relating to the enforcement of the Settlement, or any Excluded Claims.

55. "Defendants' Releasees" means the Defendants, as well as each of Defendants' direct and indirect subsidiaries, parents (including holding companies), affiliates (including as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, investment funds (including funds and accounts managed or advised by a Defendant or an affiliate thereof), joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, D&O Insurers (including reinsurers and co- insurers), assigns, assignees, and current and former employees, officers, and directors, members, partners, and limited partners of any other of the foregoing entities, in their capacities as such, as well as each of the Defendants' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, successors, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or members of his family, and any other entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

56. "Settling Plaintiffs' Releasees" means the Lead Plaintiffs, Lead Counsel and each and every Settlement Class Member, as well as each of their current and former parents, affiliates, and subsidiaries, and their respective principals, officers, directors, employees, consultants, representatives, parents, attorneys, agents, predecessors, and partners, in their capacities as such, and the spouses, members of the Immediate Families, representatives and heirs of any Settling Plaintiffs' Releasee who is an individual, as well as any trust of which any Settling Plaintiffs' Releasee is the settlor or which is for the benefit of any of their immediate family members in their capacities as such, as well as the heirs, successors and assigns of any of the foregoing.

- 23 -

57. "Unknown Claims" means any and all Released Claims against the Releasees which the Releasors do not know or suspect to exist in his, her, their, or its favor as of the Effective Date, which if known by the Releasors or the Releasees might have affected his, her, their, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, the Releasors shall have expressly waived, and each Settlement Class Member shall be deemed to have waived and by operation of the Judgment and Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code Section 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542. The Releasors and the Releasees may hereafter discover facts other than or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasors shall have expressly, fully, finally, and forever settled and released, and each Settlement Class Member upon the Effective Date shall be deemed to have and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all of their respective Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Stipulation.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

58. Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Lead Counsel been paid for their expenses. Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 33% of the Settlement Amount, plus interest. At the same time, Lead Counsel also intend to apply for payment from the Settlement Fund for counsel's Litigation Expenses in a total amount not to exceed $250,000, plus interest. The Court will determine the amount of the award of fees and expenses. Lead Plaintiffs may also seek awards not to exceed $25,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

- 24 -

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

59.     To be eligible for a payment from the proceeds of the Settlement, you must be a Settlement Class Member, and you must timely complete and return the Claim Form with adequate supporting documentation postmarked or submitted online by _____, 2026.  You may go to the website maintained by the Claims Administrator for the Settlement to download a Claim Form.  The website is www.RevanceSecuritiesSettlement.com.  You may also request a Claim Form by calling toll-free (877) 507-1390.  Those who submit a valid and timely request to exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  HOW DO I
## EXCLUDE MYSELF?

60.     To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the Revance Securities Settlement."  To be valid, your letter must include the number of shares of Revance Securities purchased/acquired and sold during the Settlement Class Period and the dates and prices of each purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is received no later than _____, 2026 to:

*Revance Securities Settlement*
c/o A.B. Data, Ltd.
Claims Administrator
EXCLUSIONS
P.O. Box 173001
Milwaukee, WI 53217

61.     A request for exclusion shall not be effective unless it provides all the information called for in this Notice and is received within the time stated above, or is otherwise accepted by the Court.  If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  If you exclude yourself, you may not send in a Claim Form to ask for any money.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendants Parties about the Released Claims in the future.

62.     Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendants Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Defendants Parties, speak to your lawyer in that

- 25 -

case immediately. You must exclude yourself from the Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

63. **If you do not wish to object in person to the certification of the proposed Settlement Class, the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and Litigation Expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.**

64. The Settlement Hearing will be held on _____, 2026, at _____ .m., before the Honorable Eli J. Richardson, at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203. The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

65. Any Settlement Class Member who did not request exclusion such that it was received no later than ____, 2026, may object to the proposed Class, Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

66. Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. To object to any aspect of the Settlement, you must send a signed letter saying that you wish to object to the proposed settlement in *In re Revance Therapeutics, Inc. Securities Litigation*. Include your name, address, email address, telephone number and your signature (even if you are represented by counsel), identify the date(s), price(s), and number and type of securities purchased, acquired, held, or sold of Revance Securities during the Settlement Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, fee and expense application and/or any other matter related to the Settlement, including any legal and evidentiary support for such objection.

67. The objection must also include a statement of whether the objector intends to appear at the Settlement Hearing. The objection must state whether it applies only to the objector, to a specific subset of the proposed Settlement Class, or to the entire proposed Settlement Class. In addition, the objector must identify all class action settlements to which the objector and his, her or its counsel have previously objected. Documentation establishing membership in the proposed Settlement Class must consist of copies of brokerage confirmation slips or monthly

- 26 -

brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

68.     Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* no later than _____, 2026:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203 | Andrew J. Entwistle, Esq. ENTWISTLE & CAPPUCCI LLP 500 West 2nd Street, Suite 1900 Austin, TX 78701<br><br>Robert N. Cappucci, Esq. ENTWISTLE & CAPPUCCI LLP 230 Park Avenue, 3rd Floor New York, NY 10169<br><br>Steven B. Singer, Esq. SAXENA WHITE P.A. 10 Bank Street Suite 882 White Plains, NY 10606 | Jordan D. Peterson, P.C. KIRKLAND & ELLIS LLP 601 Lexington Avenue New York, NY 10022<br><br>Jenness E. Parker, Esq. SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP One Rodney Square 920 N. King St. Wilmington, Delaware 19801 |

69.     You may not object to the Settlement or any aspect of it, if you excluded yourself from the Settlement Class.

70.     You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

71.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court so that the notice is received on or before ____, 2026.

72.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.RevanceSecuritiesSettlement.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

- 27 -

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement Class, proposed Settlement, the proposed Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

> ## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

73.     Nominees who purchased, acquired, or held Revance Securities for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement of reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Claims Administrator and up to $0.03 per Postcard Notice actually mailed or emailed, plus any postage at the rate used by the Claims Administrator, upon request and submission of appropriate documentation to the Claims Administrator. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free (877) 507-1390, and may be downloaded from the Settlement website, www.RevanceSecuritiesSettlement.com.

> ## CAN I SEE THE COURT FILE?
> ## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.RevanceSecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation and Agreement of Settlement

- 28 -

available at www.RevanceSecuritiesSettlement.com, or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.tnmd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Middle District of Tennessee, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Revance Securities Settlement*
c/o A.B. Data Ltd.
P.O. Box 173120
Milwaukee, WI 53217

**-or-**

Andrew J. Entwistle, Esq.
ENTWISTLE & CAPPUCCI LLP
500 West 2nd Street, Suite 1900
Austin, TX 78701

Robert N. Cappucci, Esq.
ENTWISTLE & CAPPUCCI LLP
230 Park Avenue, 3rd Floor
New York, NY 10169
aentwistle@entwistle-law.com
rcappucci@entwistle-law.com

**-or-**

Jonathan D. Lamet, Esq.
SAXENA WHITE P.A.
7777 Glades Road, Suite 300
Boca Raton, FL 33434
settlements@saxenawhite.com

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'
COUNSEL, OR THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**

Dated: _____

By Order of the Court
United States District Court
Middle District of Tennessee

- 29 -

# EXHIBIT C

| | |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Revance Therapeutics, Inc. Securities Litigation*, Case No. 3:259-cv-0018 (the "Action");

WHEREAS, (a) Lead Plaintiffs The Arbitrage Fund, AltShares Merger Arbitrage ETF, AltShares Event-Driven ETF, iMGP Alternative Strategies Fund and Chicago Capital Management, LP ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendant Revance Therapeutics, Inc. ("Revance" or the "Company"), and defendants Mark J. Foley and Tobin C. Schilke (collectively, "Individual Defendants;" and, together with Revance, "Defendants;" and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated March 20, 2026 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary

approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all Persons and entities that purchased or otherwise acquired Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive (the "Settlement Class Period" or the "Class Period"). Excluded from the Settlement Class are the following: (i) Defendants; (ii) Crown Laboratories, Inc. ("Crown"); (iii) Persons who served as directors and officers of Revance or Crown at any time after February 28, 2024; (iv) members of any excluded Person's immediate families; (v) the heirs, successors and assigns of any excluded Person; (vi) any Person, firm, trust, corporation or other entity affiliated with Revance, Crown or any other excluded Person, or in which any excluded Person, or group of excluded Persons collectively, beneficially owns a majority stake; (vii) Defendants' liability insurance carriers; (viii) all Defendants' plans that are covered by ERISA and (ix) those Persons and entities who timely and validly request exclusion from the Class pursuant to the Notice and where such exclusion is accepted by the Court (collectively, the "Excluded Persons").

2. **<u>Class Findings</u>** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class

2

are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs The Arbitrage Fund, AltShares Merger Arbitrage ETF, AltShares Event-Driven ETF, iMGP Alternative Strategies Fund and Chicago Capital Management, LP are adequate class representatives, and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** - The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2026 at ____.m. in Courtroom 5C of the Fred D. Thompson U.S. Courthouse, 719 Church Street, Nashville, TN 37203, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether the proposed Settlement Class should be certified; (c) to determine whether a Judgment substantially in the form attached as Exhibit A to the Stipulation should be entered dismissing the

3

Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) within seven (7) calendar days of the date of entry of this Order, Revance shall provide or cause to be provided to the Claims Administrator in electronic format such as Excel (at no cost to the Settlement Fund, Lead Counsel, Lead Plaintiffs, the Settlement Class or the Claims Administrator) lists of purchasers of record of Revance securities during the Settlement Class Period, to the extent such lists are available from Revance's stock transfer agent;

(b) not later than twenty (20) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be emailed or mailed by first-class mail

4

to potential Settlement Class Members at the addresses set forth in the records provided by Revance or in the records which Revance caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on www.RevanceSecuritiesSettlement.com, a website developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over a national newswire service; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3 and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to

object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, as amended), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice and Summary Notice before they are mailed, posted online and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired publicly traded Revance securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Postcard Notice send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Claims Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up

6

to $0.03 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **<u>Participation in the Settlement</u>** – Settlement Class Members that wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her

7

or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class that wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, to: *In re Revance Therapeutics, Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217; and (b) each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the

name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Revance Therapeutics, Inc. Securities Litigation*, Case No. 3:25-cv-00181"; (iii) state the number of shares of publicly traded Revance securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

9

16.    **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.    Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, certification of the proposed Settlement Class, the proposed Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, certification of the proposed Settlement Class, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, certification of the proposed Settlement Class, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-eight (28) calendar days prior to the Settlement Hearing.

| **<u>Lead Counsel</u>** | **<u>Defendants' Counsel</u>** |
|---|---|
| Andrew J. Entwistle, Esq. | Jordan D. Peterson, P.C. |
| ENTWISTLE & CAPPUCCI LLP | KIRKLAND & ELLIS LLP |

10

500 West 2nd Street, Suite 1900
Austin, TX 78701

Robert N. Cappucci, Esq.
ENTWISTLE & CAPPUCCI LLP
230 Park Avenue, 3rd Floor
New York, NY 10169

Steven B. Singer, Esq.
SAXENA WHITE P.A.
10 Bank Street
Suite 882
White Plains, NY 10606

601 Lexington Avenue
New York, NY 10022

Jenness E. Parker
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Rodney Square
920 N. King St.
Wilmington, Delaware 19801

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly traded Revance common stock or notes that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors that enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member that does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, certification of the proposed Settlement Class, the proposed Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness,

11

reasonableness or adequacy of the Settlement, certification of the proposed Settlement Class, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, certification of the proposed Settlement Class, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with

respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 12, 2026, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be

13

offered against any of the Settling Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Settling Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Settling Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than forty-two (42) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2026

14

_____

The Honorable Eli J. Richardson
United States District Judge

Case 3:25-cv-00018    Document 62-1    Filed 03/20/26    Page 94 of 159 PageID #: 2174

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

**NOTICE OF: (I) PENDENCY OF CLASS ACTION; (II) MOTION FOR CERTIFICATION OF CLASS AND APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you (1) purchased or acquired shares of Revance Securities (defined below) during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, including common stock (CUSIP: 761330109; ticker "RVNC") and the 1.75% fixed coupon Convertible Senior Unsecured Notes (CUSIP: 761330AB5), inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT:  Please also be advised that The Arbitrage Fund, AltShares Merger Arbitrage ETF, AltShares Event-Driven ETF, iMGP Alternative Strategies Fund and Chicago Capital Management, LP ("Lead Plaintiffs"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action with Defendants for a total of $17 million in cash that will resolve all claims against Defendants in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully.**

1.     **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement reached in a class action lawsuit pending against the following defendants: Revance Therapeutics, Inc., Mark J. Foley and Tobin C. Schilke ("Defendants") (collectively, with Lead Plaintiffs, the "Settling Parties").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class" or "Settlement Class"): all Persons and entities that purchased or acquired Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive.  Excluded from the Settlement Class are the following: (i) Defendants; (ii) Crown; (iii) Persons who served as directors and officers of Revance or Crown at any time after February 28, 2024; (iv) members of any excluded Person's immediate families; (v) the heirs, successors and assigns of any excluded Person; (vi) any Person, firm, trust, corporation or other entity affiliated with Revance, Crown or any other excluded Person, or in which any excluded Person, or group of excluded Persons collectively, beneficially owns a majority stake; (vii) Defendants' liability insurance carriers; (viii) all Defendants' plans that are covered by ERISA and (ix) those Persons and entities who timely and validly request exclusion from the Class pursuant to the Notice and where such exclusion is accepted by the Court (collectively, the "Excluded Persons").  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (877) 507-1390.

2.     **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully in ¶¶3-6 below, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶53 below) against Defendants and other Defendants' Releasees (as defined in ¶55 below) in exchange for a settlement payment of $17 million in cash (the "Settlement Amount"). The Net Settlement Fund (the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other Court-approved deductions) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class. The Plan of Allocation is a basis for determining the relative positions of

- 1 -

Settlement Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.  **Statement of Average Distribution Per Share:** The Settlement Fund consists of the $17 million Settlement Amount plus interest earned. Assuming all potential Settlement Class Members elect to participate, the estimated average recovery is $0.16 per damaged common share and $10.26 per damaged note before fees and expenses. Settlement Class Members may recover more or less than this amount depending on, among other factors: the aggregate value of the Recognized Claims (defined below) represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; what type of security and when it was purchased or acquired and the price at the time of purchase or acquisition; whether the security was sold, and if so, when it was sold and for how much. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.  **Statement of the Parties' Position on Damages:** Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiffs and/or the Settlement Class and that Lead Plaintiffs or other members of the Settlement Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiffs were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false or misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions; and (iii) all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.  **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 33% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel will also apply to the Court for payment from the Settlement Fund for Lead Counsel's Litigation Expenses, in a total amount not to exceed $250,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's Fee and Expense Application, the estimated average cost per damaged common share is $0.06 and per note is $2.99. In addition, Lead Counsel will apply for an award to Lead Plaintiffs in an amount not to exceed $25,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

6.  **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Class are being represented by Entwistle & Cappucci LLP and Saxena White P.A. ("Lead Counsel"). Any questions regarding the Settlement should be directed to Andrew J. Entwistle, Esq. at Entwistle & Cappucci LLP, 500 W. 2nd Street, Suite 1900, Austin, TX 79701; or Robert N. Cappucci, Esq. at Entwistle & Cappucci LLP, 230 Park Avenue, 3rd Floor, New York, NY 10169, aentwistle@entwistle-law.com, rcappucci@entwistle-law.com; or Jonathan D. Lamet, Esq. at Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, settlements@saxenawhite.com.

---

### YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT

| | |
|---|---|
| DO NOTHING | Get no payment. Remain a Class Member. Give up your rights. |
| SUBMIT A PROOF OF CLAIM AND RELEASE FORM POSTMARKED OR SUBMITTED ONLINE NO LATER THAN [_____], 2026 | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a Proof of Claim and Release Form (the "Claim Form" or "Proof of Claim Form"), postmarked or submitted online no later than _____ __, 2026. See paragraph 59 below for more information regarding how to participate in the Settlement |
| EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A REQUEST FOR EXCLUSION THAT IS RECEIVED BY _____, 2026. | Get no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against Defendants or any other Released Defendants Parties about the legal claims being resolved by this Settlement. You cannot object to the proposed Settlement and cannot submit a Claim Form if you exclude yourself. See paragraph 60-62 for instructions on how to request exclusion. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2026 | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. You do not need to submit a Claim Form to object. If you submit a written objection, you may (but do not have to) attend the hearing. See paragraphs 63-71 for instructions on how to object. |
| GO TO THE HEARING ON [_____], 2026, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2026 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About? What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page __ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page __ |

- 3 -

| | |
|---|---|
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| What If I Do Not Want to be a Member of the Class? How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Do Not Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page __ |

## WHY DID I GET THIS NOTICE

7. The purpose of this Notice is to inform you about: (i) this Action, (ii) the terms of the proposed Settlement, and (iii) your rights in connection with a hearing to be held before the United States District Court, Middle District of Tennessee (the "Court"), on _____, 2026, at____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the court selects one or more people or entities, known as class representatives, to sue on behalf of all people or entities with similar claims, commonly known as the class or the class members. In the Action, the Court has appointed Lead Plaintiffs as the representatives of the Settlement Class.

9. The Court in charge of this case is the United States District Court for the Middle District of Tennessee, and the case is known as *In re Revance Therapeutics, Inc. Securities Litigation*, Case No. 3:25-cv-0018-EJR (M.D. Tenn.). The judge presiding over this case is the Honorable Eli J. Richardson, United States District Judge. The people and entities who are suing are called Lead Plaintiffs, and those who are being sued are called Defendants. In this case, the Defendants are Revance Therapeutics, Inc., Mark J. Foley and Tobin C. Schilke.

10. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to get them. It also informs you of the proposed Class to be certified for settlement purposes, the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the proposed Plan of Allocation and related matters, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11. The Settlement Hearing will be held on _____, 2026, at _____ _.m., before the Honorable Eli J. Richardson, at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203, for the following purposes:

A. to determine whether the proposed Class should be certified for settlement purposes;

B. to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation of Settlement ("Stipulation") is fair, reasonable and adequate and should be approved by the Court;

C. to determine whether the Judgment as provided for under the Stipulation should be entered;

D. to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

E. to determine whether the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses (including awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4)) should be approved; and

F. to rule upon such other matters as the Court may deem appropriate.

12. This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after appeals, if any, are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13. This is a securities class action against Defendants for alleged violations of the federal securities laws. Lead Plaintiffs allege that Defendants made material misrepresentations and omissions, with scienter, in connection with the Company's statements regarding its relationship with Teoxane SA and the tender offer and merger transaction with Crown Laboratories, Inc. ("Crown"). Defendants deny the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Class.

14. The original securities class action complaint in the Action was filed on January 3, 2025. Plaintiffs then moved for an order appointing them as Lead Plaintiffs in the case and approving their selection of lead counsel for the Class. On March 20, 2025, the Court appointed Lead Plaintiffs to lead the Action and appointed Entwistle & Cappucci LLP and Saxena White P.A. as Lead Counsel.

15. On June 18, 2025, Lead Plaintiffs filed the Consolidated Complaint against all Defendants alleging that those Defendants violated, variously, Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. On August 28, 2025, Defendants filed their motion to dismiss the Consolidated Complaint. Lead Plaintiffs filed their response in opposition to Defendants' motion to dismiss on October 24, 2025, and Defendants' reply in further support their motion to dismiss was filed on December 5, 2025.

- 5 -

16.     While Defendants' motion to dismiss was pending, the Settling Parties engaged the services of the Jed D. Melnick, Esq., a nationally recognized mediator.  On January 22, 2026, the Settling Parties participated in an all-day mediation session with Mr. Melnick serving as a mediator.  In advance of the mediation, the Settling Parties submitted and exchanged detailed mediation statements, which addressed among other things, issues related to falsity and loss causation.  Although a settlement was not reached at the mediation, the Settling Parties continued settlement discussions with Mr. Melnick and ultimately an agreement was reached on February 1, 2026 to settle the Action for a total of $17 million.

17.     Based on their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Settlement, as set forth in the Stipulation, are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement and the significant risks and costs of continued litigation and trial.

18.     Lead Plaintiffs sought and obtained an order granting preliminary approval of the Settlement and permitting notice to the Settlement Class, which was entered on April ____, 2026.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

19.     If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded.  The Settlement Class consists of:

> All Persons and entities that purchased or otherwise acquired Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive, including common stock (CUSIP: 761330109; ticker "RVNC") and 1.75% fixed coupon Convertible Senior Unsecured Notes (CUSIP 761330AB5).

Excluded from the Settlement Class are: (i) Defendants; (ii) Crown; (iii) Persons who served as directors and officers of Revance or Crown at any time after February 28, 2024; (iv) members of any excluded Person's immediate families; (v) the heirs, successors and assigns of any excluded Person; (vi) any Person, firm, trust, corporation or other entity affiliated with Revance, Crown or any other excluded Person, or in which any excluded Person, or group of excluded Persons collectively, beneficially owns a majority stake; (vii) Defendants' liability insurance carriers; and (viii) all Defendants' plans that are covered by ERISA. Also excluded from the Settlement Class are those Persons and entities who timely and validly request exclusion from the Settlement Class pursuant to the Notice and where such exclusion is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" at paragraphs 60-62 below.

Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (877) 507-1390.

- 6 -

RECEIPT OF THE POSTCARD NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2026. YOU MAY ALSO SUBMIT A CLAIM FORM ONLINE AT WWW.REVANCESECURITIESSETTLEMENT.COM BY [_____], 2026.

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

20. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. Lead Plaintiffs and Lead Counsel recognize, however, the risk of pursuing their claims against Defendants through the ongoing trial and appeals, as well as the difficulties in establishing liability and damages. Lead Plaintiffs and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include the risk that the pending motion to dismiss or the anticipated motion(s) for summary judgment and challenges to Lead Plaintiffs' experts could be granted and, the risk that Lead Plaintiffs would be unsuccessful in proving at trial that Defendants' alleged misrepresentations were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

21. In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $17 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after trial and any appeals, possibly years in the future.

22. Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damage, that Lead Plaintiffs or the Settlement Class was harmed by the conduct alleged in the Action, or that the Action is properly certifiable as a class action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of the alleged claims at trial, neither Lead Plaintiffs nor the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

- 7 -

24.     Defendants have agreed to pay or cause to be paid Seventeen Million Dollars ($17,000,000.00) in cash into escrow for the benefit of the Settlement Class.  At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement.  Lead Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Settlement Class Members who timely submit valid Claim Forms.  The Plan of Allocation proposed by Lead Plaintiffs is set forth below, and additional information is available on the case-specific website, www.RevanceSecuritiesSettlement.com.

25.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiffs, Settlement Class Members, the Claims Administrator, Defendants and the other Defendants' Releasees (defined below), or any person or entity designated by Lead Counsel. All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Plaintiffs' Claims.

26.     The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the claim of any member of the Class.

27.     The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiffs and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed, or it may modify it without further notice to the Settlement Class.

28.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Middle District of Tennessee, with respect to his, her or its Claim Form.

29.     Persons and entities that excluded themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

30.     The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations made pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

- 8 -

31.     The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Revance common stock and Revance notes[1] to be artificially inflated throughout the Class Period, February 29, 2024 through February 6, 2025, inclusive.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Revance common stock and Revance notes (collectively, "Revance Securities") as the truth concerning Defendants' alleged misrepresentations and material omissions was publicly revealed, adjusting for price changes that were attributable to market or industry forces.

32.     In order to have recoverable damages, the disclosure of the allegedly misrepresented information must have been the cause of the adverse change in the price of Revance Securities.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of Revance common stock and notes.  Plaintiffs further assert that corrective information was released to the market on: September 13, 2024, September 23, 2024, October 25, 2024, November 7, 2024 (after the close of trading), December 9, 2024, and February 6, 2025, which partially removed the artificial inflation from the prices of Revance common stock and notes on: September 16, 2024, September 23, 2024, October 25, 2024, November 8, 2024, December 9, 2024,[2] and February 6, 2025. Plaintiffs also allege that Defendants made false statements and omitted material facts that caused the price to be artificially inflated on two separate occasions during the Class Period: October 25, 2024 (after the close of trading) and November 12, 2024.  As a result, the price of Revance common stock was further artificially inflated on October 28, 2024 and November 12, 2024, and the price of Revance notes was further artificially inflated on October 28, 2024.

33.     Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the price of Revance Securities at the time of purchase and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss Amount pursuant to the Plan of Allocation, a Settlement Class Member must have held Revance common stock or notes purchased or acquired during the Class Period over at least one of the days when corrective information was released to the market and partially removed the artificial inflation from the price of Revance common stock or notes.

34.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Revance common stock and/or note during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that number will be zero.  The sum of a Claimant's Recognized Loss Amount from Revance common

---

[1] "Revance notes" refers solely to the Revance security with CUSIP 761330AB5, the 1.75% fixed coupon Convertible Senior Unsecured Notes which first traded publicly on February 14, 2020.  All Revance note "per note" prices are in terms of *per* $1,000 par value.  To find the raw, nominal cash price, multiply the given price (or inflation) by 10 (1% of $1,000).

[2] Note that because the price for Revance notes increases on December 9, 2024, this date is not considered a corrective event for Revance notes.

stock will be the Claimant's "Recognized Equity Claim." The sum of a Claimant's Recognized Loss Amount from Revance notes will be the Claimant's "Recognized Debt Claim."

35. The total Recognized Debt Claims of all Authorized Claimants will be paid pro rata from the "Revance Debt Claims Allocation of the Net Settlement Fund," which shall be at least 2% ($340,000) of the Settlement Amount,[3] less a proportional amount of Notice and Administration Expenses, Court awarded attorneys' fees and expenses, and Taxes. Once the Revance Debt Claims Allocation of the Net Settlement Fund is accounted for, the remainder of the Net Settlement Fund is the "Revance Equity Claims Allocation of the Net Settlement Fund."

36. The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Equity Claim and/or Recognized Debt Claim. Each Authorized Claimant's pro rata share shall be (i) the Authorized Claimant's Recognized Debt Claim divided by the total of all Recognized Debt Claims, multiplied by the Revance Debt Claims Allocation of the Net Settlement Fund, plus (ii) the Authorized Claimant's Recognized Equity Claim divided by the total of all Recognized Equity Claims, multiplied by the Revance Equity Claims Allocation of the Net Settlement.

## **CALCULATION OF RECOGNIZED LOSS AMOUNTS**

### **Revance Common Stock**

37. For each share of Revance common stock purchased or otherwise acquired during the period from February 29, 2024 through the close of trading on February 6, 2025, and:[4]

> A. Sold before September 16, 2024, the Recognized Loss Amount will be $0.00;
>
> B. Sold from September 16, 2024 through the close of trading on February 6, 2025, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A[5] *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; (ii) the amount of artificial inflation per share on the date of

---

[3] While it is unlikely that the total Revance Debt Claims will be lower than $340,000, should that happen, the excess amount shall become available to compensate Authorized Claimants with Recognized Equity Claims.

[4] Any share of Revance common stock purchased or otherwise acquired during the period from February 29, 2024 through the close of trading on February 6, 2025 and not held over one of the alleged corrective disclosures listed above have a Recognized Loss Amount of $0.00.

[5] In Table A, artificial inflation associated with the final corrective disclosure on February 6, 2025 has been calculated to $0.01 in order to reflect the fact that although the truth was not fully revealed, the shares were trading approximately at or below the ultimate Tender Offer price.

- 10 -

purchase/acquisition as stated in Table B[6] *minus* the amount of artificial inflation per share on the date of sale as stated in Table B; or (iii) the purchase/acquisition price *minus* the sale price;

C. Held as of the close of trading on February 6, 2025, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table B; or (ii) the purchase/acquisition price *minus* $3.65.[7]

## Revance Notes[8]

38. For each share of Revance notes purchased or otherwise acquired during the period from February 29, 2024 through the close of trading on February 6, 2025, and:[9]

A. Sold before September 16, 2024, the Recognized Loss Amount will be $0.00;

B. Sold from September 16, 2024 through the close of trading on February 6, 2025, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table C[10] *minus* the amount of artificial inflation per note on the date of sale as stated in Table C; (ii) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table D[11] *minus* the amount of artificial

---

[6] In Table B, artificial inflation associated with the final corrective disclosure on February 6, 2025 has been calculated to $0.01 in order to reflect the fact that although the truth was not fully revealed, the shares were trading approximately at or below the ultimate Tender Offer price.

[7] Pursuant to Section 21D(e)(1) of the Exchange Act, Recognized Loss Amounts on transactions in Revance common stock are reduced to an appropriate extent by taking into account the closing prices of Revance common stock during the "90-day look-back period" after the Class Period. As a result of the fact that Revance common stock was delisted on February 6, 2025, the closing price of $3.65 will be utilized for all transactions held as of market close on February 6, 2025.

[8] All Revance note "per note" prices are in terms of *per* $1,000 par value. To find the raw, nominal cash price, multiply the given price (or inflation) by 10 (1% of $1,000).

[9] Any Revance note purchased or otherwise acquired during the period from February 29, 2024 through the close of trading on February 6, 2025 and not held over one of the alleged corrective disclosures listed above have a Recognized Loss Amount of $0.00.

[10] In Table C, artificial inflation associated with the final corrective disclosure on February 6, 2025, has been calculated to $0.01 in order to reflect the fact that although the truth was not fully revealed, the market price of the notes increased during that period.

[11] In Table D, artificial inflation associated with the final corrective disclosure on February 6, 2025, has been calculated to $0.01 in order to reflect the fact that although the truth was not fully revealed, the market price of the notes increased during that period.

- 11 -

inflation per note on the date of sale as stated in Table D; or (iii) the purchase/acquisition price *minus* the sale price;

C. Sold from the close of trading on February 6, 2025 through the close of trading on February 28, 2025,[12] the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table C; (ii) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table D; (iii) the purchase/acquisition price *minus* the average closing price from February 6, 2025 through the date of sale as stated in Table E below; or (iv) the purchase/acquisition price *minus* the sale price; or

D. Held as of the close of trading on February 28, 2025, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table C; (ii) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table D; or (iii) the purchase/acquisition price *minus* $99.80.[13]

## ADDITIONAL PROVISIONS

39.     **Recognized Claim:** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts.

40.     **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of Revance Securities during the Class Period, all purchases/acquisitions and sales of the like security will be matched on a First In, First Out ("FIFO") basis. With respect to Revance common stock and notes, sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

41.     **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

42.     **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Revance Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Revance Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of such

---

[12] There is no additional trading data available for Revance notes after February 28, 2025 so the "90-day look-back period" average price ends on February 28, 2025.

[13] Pursuant to Section 21D(e)(1) of the Exchange Act, Recognized Loss Amounts on transactions in Revance notes are reduced to an appropriate extent by taking into account the closing prices of Revance notes during the "90-day look-back period," from February 6, 2025 through February 28, 2025. The mean (average) closing price for Revance notes during this "90-day" look-back period was $99.80.

- 12 -

Revance Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Revance Securities unless (i) the donor or decedent purchased or otherwise acquired or sold such Revance Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Revance Securities.

43.     **Short Sales:** With respect to Revance common stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Revance common stock. The date of a "short sale" is deemed to be the date of sale of the Revance common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

44.     In the event that a Claimant has an opening short position in Revance common stock, the earliest purchases or acquisitions of Revance common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

45.     **Common Stock Purchased/Sold Through the Exercise of Options:** Revance common stock and Revance notes are the only securities eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Revance common stock are not securities eligible to participate in the Settlement. With respect to Revance common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

46.     **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund, as discussed above.[14]

47.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment with a minimum of 2% being allocated to Recognized Debt Claimants.

48.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

49.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than four (4) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses

---

[14] This provision is subject to the 2% minimum of the Settlement Amount to be allocated to Recognized Debt Claimants.

incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions after the deduction of any additional fees and expenses incurred in administering the Settlement would be cost-effective. At such time as it is determined that further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed the American Red Cross.

50. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Settling Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

51. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed, or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.RevanceSecuritiesSettlement.com.

**TABLE A**
**Estimated Artificial Inflation in Revance Common Stock**
**from February 29, 2024 through and including February 6, 2025**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 29, 2024 | $3.24 |
| March 1, 2024 - March 3, 2024 | $3.17 |
| March 4, 2024 | $2.76 |
| March 5, 2024 | $2.95 |
| March 6, 2024 | $2.88 |
| March 7, 2024 | $2.80 |
| March 8, 2024 - March 10, 2024 | $2.73 |
| March 11, 2024 | $2.84 |
| March 12, 2024 | $2.85 |
| March 13, 2024 | $2.73 |
| March 14, 2024 | $2.47 |
| March 15, 2024 - March 17, 2024 | $2.41 |

- 14 -

| | |
|---|---|
| March 18, 2024 | $2.24 |
| March 19, 2024 | $2.24 |
| March 20, 2024 | $2.30 |
| March 21, 2024 | $2.36 |
| March 22, 2024 - March 24, 2024 | $2.21 |
| March 25, 2024 | $2.11 |
| March 26, 2024 | $2.13 |
| March 27, 2024 | $2.24 |
| March 28, 2024 - March 31, 2024 | $2.23 |
| April 1, 2024 | $2.15 |
| April 2, 2024 | $2.05 |
| April 3, 2024 | $2.07 |
| April 4, 2024 - April 7, 2024 | $2.00 |
| April 8, 2024 | $2.02 |
| April 9, 2024 | $2.13 |
| April 10, 2024 | $2.00 |
| April 11, 2024 | $2.02 |
| April 12, 2024 - April 14, 2024 | $1.88 |
| April 15, 2024 | $1.80 |
| April 16, 2024 | $1.73 |
| April 17, 2024 | $1.71 |
| April 18, 2024 | $1.72 |
| April 19, 2024 - April 21, 2024 | $1.72 |
| April 22, 2024 | $1.65 |
| April 23, 2024 | $1.66 |
| April 24, 2024 | $1.62 |
| April 25, 2024 | $1.49 |
| April 26, 2024 - April 28, 2024 | $1.54 |
| April 29, 2024 | $1.68 |
| April 30, 2024 | $1.64 |
| May 1, 2024 | $1.72 |
| May 2, 2024 | $1.71 |
| May 3, 2024 - May 5, 2024 | $1.79 |
| May 6, 2024 | $1.86 |
| May 7, 2024 | $1.99 |
| May 8, 2024 | $1.94 |
| May 9, 2024 | $1.95 |
| May 10, 2024 - May 13, 2024 | $1.51 |
| May 14, 2024 | $1.58 |

Case 3:25-cv-00018    Document 62-1    Filed 03/20/26    Page 111 of 159 PageID #: 2191

| Date | Price |
|---|---|
| May 15, 2024 | $1.50 |
| May 16, 2024 | $1.43 |
| May 17, 2024 - May 19, 2024 | $1.37 |
| May 20, 2024 | $1.43 |
| May 21, 2024 | $1.37 |
| May 22, 2024 | $1.33 |
| May 23, 2024 | $1.21 |
| May 24, 2024 - May 27, 2024 | $1.23 |
| May 28, 2024 | $1.21 |
| May 29, 2024 | $1.27 |
| May 30, 2024 | $1.31 |
| May 31, 2024 - June 2, 2024 | $1.29 |
| June 3, 2024 | $1.37 |
| June 4, 2024 | $1.32 |
| June 5, 2024 | $1.38 |
| June 6, 2024 | $1.32 |
| June 7, 2024 - June 9, 2024 | $1.23 |
| June 10, 2024 | $1.24 |
| June 11, 2024 | $1.34 |
| June 12, 2024 | $1.37 |
| June 13, 2024 | $1.35 |
| June 14, 2024 - June 16, 2024 | $1.28 |
| June 17, 2024 - June 19, 2024 | $1.27 |
| June 20, 2024 | $1.30 |
| June 21, 2024 - June 23, 2024 | $1.21 |
| June 24, 2024 | $1.17 |
| June 25, 2024 | $1.07 |
| June 26, 2024 | $1.06 |
| June 27, 2024 | $1.17 |
| June 28, 2024 - July 1, 2024 | $1.17 |
| July 2, 2024 | $1.10 |
| July 3, 2024 - July 4, 2024 | $1.22 |
| July 5, 2024 - July 7, 2024 | $1.21 |
| July 8, 2024 | $1.27 |
| July 9, 2024 | $1.31 |
| July 10, 2024 | $1.32 |
| July 11, 2024 | $1.48 |
| July 12, 2024 - July 14, 2024 | $1.63 |
| July 15, 2024 | $1.73 |

| Date | Price |
|---|---|
| July 16, 2024 | $1.93 |
| July 17, 2024 | $1.80 |
| July 18, 2024 | $1.66 |
| July 19, 2024 - July 21, 2024 | $1.65 |
| July 22, 2024 | $1.82 |
| July 23, 2024 | $1.97 |
| July 24, 2024 | $1.78 |
| July 25, 2024 | $1.71 |
| July 26, 2024 - July 28, 2024 | $1.78 |
| July 29, 2024 | $1.72 |
| July 30, 2024 | $1.68 |
| July 31, 2024 | $1.72 |
| August 1, 2024 | $1.53 |
| August 2, 2024 - August 4, 2024 | $1.45 |
| August 5, 2024 | $1.39 |
| August 6, 2024 | $1.40 |
| August 7, 2024 | $1.28 |
| August 8, 2024 | $1.34 |
| August 9, 2024 - August 11, 2024 | $1.60 |
| August 12, 2024 | $3.00 |
| August 13, 2024 | $2.99 |
| August 14, 2024 | $2.99 |
| August 15, 2024 | $2.99 |
| August 16, 2024 - August 18, 2024 | $3.01 |
| August 19, 2024 | $3.00 |
| August 20, 2024 - August 21, 2024 | $3.00 |
| August 22, 2024 | $2.99 |
| August 23, 2024 - August 25, 2024 | $3.00 |
| August 26, 2024 - August 28, 2024 | $2.99 |
| August 29, 2024 - September 2, 2024 | $2.98 |
| September 3, 2024 | $2.99 |
| September 4, 2024 | $2.99 |
| September 5, 2024 | $2.98 |
| September 6, 2024 - September 9, 2024 | $2.99 |
| September 10, 2024 | $2.98 |
| September 11, 2024 | $2.99 |
| September 12, 2024 | $2.98 |
| September 13, 2024 - September 15, 2024 | $2.97 |
| September 16, 2024 | $2.38 |

Case 3:25-cv-00018    Document 62-1    Filed 03/20/26    Page 113 of 159 PageID #: 2193

| | |
|---|---|
| September 17, 2024 | $2.38 |
| September 18, 2024 | $2.39 |
| September 19, 2024 | $2.33 |
| September 20, 2024 - September 22, 2024 | $2.31 |
| September 23, 2024 | $1.82 |
| September 24, 2024 | $1.86 |
| September 25, 2024 | $1.80 |
| September 26, 2024 | $1.83 |
| September 27, 2024 - September 29, 2024 | $1.82 |
| September 30, 2024 | $1.76 |
| October 1, 2024 | $1.76 |
| October 2, 2024 | $1.76 |
| October 3, 2024 | $1.78 |
| October 4, 2024 - October 6, 2024 | $1.77 |
| October 7, 2024 | $1.81 |
| October 8, 2024 | $1.77 |
| October 9, 2024 | $1.78 |
| October 10, 2024 | $1.78 |
| October 11, 2024 - October 13, 2024 | $1.79 |
| October 14, 2024 | $1.74 |
| October 15, 2024 | $1.76 |
| October 16, 2024 | $1.79 |
| October 17, 2024 | $1.76 |
| October 18, 2024 - October 20, 2024 | $1.79 |
| October 21, 2024 | $1.79 |
| October 22, 2024 - October 23, 2024 | $1.79 |
| October 24, 2024 | $1.80 |
| October 25, 2024 - October 27, 2024 | $1.19 |
| October 28, 2024 | $2.39 |
| October 29, 2024 | $2.39 |
| October 30, 2024 | $2.39 |
| October 31, 2024 | $2.39 |
| November 1, 2024 - November 3, 2024 | $2.35 |
| November 4, 2024 | $2.35 |
| November 5, 2024 | $2.36 |
| November 6, 2024 | $2.35 |
| November 7, 2024 | $2.34 |
| November 8, 2024 - November 10, 2024 | $0.25 |
| November 11, 2024 | $0.23 |

| | |
|---|---|
| November 12, 2024 | $0.86 |
| November 13, 2024 | $0.89 |
| November 14, 2024 | $0.90 |
| November 15, 2024 - November 17, 2024 | $0.87 |
| November 18, 2024 | $0.83 |
| November 19, 2024 | $0.79 |
| November 20, 2024 | $0.79 |
| November 21, 2024 | $0.80 |
| November 22, 2024 - November 24, 2024 | $0.78 |
| November 25, 2024 | $0.79 |
| November 26, 2024 | $0.84 |
| November 27, 2024 - November 28, 2024 | $0.79 |
| November 29, 2024 - December 1, 2024 | $0.75 |
| December 2, 2024 | $0.78 |
| December 3, 2024 | $0.82 |
| December 4, 2024 | $0.87 |
| December 5, 2024 | $0.82 |
| December 6, 2024 - December 8, 2024 | $0.80 |
| December 9, 2024 - February 6, 2025 | $0.01 |

**TABLE B**
**Estimated Artificial Inflation Cap in Revance Common Stock**
**from February 29, 2024 through and including February 6, 2025**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 29, 2024 – September 15, 2024 | $2.82 |
| September 16, 2024 – September 22, 2024 | $2.21 |
| September 23, 2024 – October 24, 2024 | $1.68 |
| October 25, 2024 – October 27, 2024 | $1.07 |
| October 28, 2024 – November 7, 2024 | $2.27 |
| November 8, 2024 – November 11, 2024 | $0.18 |
| November 12, 2024 – December 8, 2024 | $0.80 |
| December 9, 2024 – February 6, 2025 | $0.01 |

**TABLE C**
**Estimated Artificial Inflation[15] in Revance Notes**
**from February 29, 2024 through and including February 6, 2025**

---

[15] Revance note inflation is presented in terms of *per* $1,000 par value.  To find the raw, nominal cash price, multiply the given price by 10 (1% of $1,000).

- 19 -

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 29, 2024 | $13.41 |
| March 1, 2024 - March 3, 2024 | $13.33 |
| March 4, 2024 - March 5, 2024 | $13.79 |
| March 6, 2024 | $13.83 |
| March 7, 2024 - March 11, 2024 | $13.79 |
| March 12, 2024 - March 17, 2024 | $13.60 |
| March 18, 2024 | $13.66 |
| March 19, 2024 - March 20, 2024 | $13.57 |
| March 21, 2024 | $13.65 |
| March 22, 2024 - March 25, 2024 | $13.54 |
| March 26, 2024 | $13.65 |
| March 27, 2024 - March 31, 2024 | $13.14 |
| April 1, 2024 - April 2, 2024 | $13.74 |
| April 3, 2024 | $13.65 |
| April 4, 2024 - April 7, 2024 | $13.51 |
| April 8, 2024 | $12.96 |
| April 9, 2024 - April 10, 2024 | $13.42 |
| April 11, 2024 - April 15, 2024 | $13.47 |
| April 16, 2024 - April 21, 2024 | $12.96 |
| April 22, 2024 - April 29, 2024 | $12.42 |
| April 30, 2024 | $12.49 |
| May 1, 2024 - May 5, 2024 | $12.22 |
| May 6, 2024 - May 9, 2024 | $12.49 |
| May 10, 2024 - May 14, 2024 | $12.56 |
| May 15, 2024 - May 19, 2024 | $12.17 |
| May 20, 2024 - May 23, 2024 | $12.05 |
| May 24, 2024 - June 2, 2024 | $12.22 |
| June 3, 2024 - June 5, 2024 | $12.03 |
| June 6, 2024 - June 20, 2024 | $12.04 |
| June 21, 2024 - June 25, 2024 | $12.15 |
| June 26, 2024 - July 4, 2024 | $11.94 |
| July 5, 2024 - July 10, 2024 | $12.22 |
| July 11, 2024 | $12.25 |
| July 12, 2024 - July 16, 2024 | $12.48 |
| July 17, 2024 - July 18, 2024 | $12.54 |
| July 19, 2024 - July 22, 2024 | $12.42 |
| July 23, 2024 | $12.49 |

- 20 -

| Transaction Date | Value |
|---|---|
| July 24, 2024 - July 31, 2024 | $12.59 |
| August 1, 2024 | $12.58 |
| August 2, 2024 - August 7, 2024 | $11.80 |
| August 8, 2024 | $11.58 |
| August 9, 2024 - August 11, 2024 | $12.86 |
| August 12, 2024 | $18.03 |
| August 13, 2024 - August 15, 2024 | $18.07 |
| August 16, 2024 - August 19, 2024 | $17.87 |
| August 20, 2024 - August 25, 2024 | $18.09 |
| August 26, 2024 | $18.14 |
| August 27, 2024 | $18.13 |
| August 28, 2024 - September 10, 2024 | $18.12 |
| September 11, 2024 - September 12, 2024 | $18.09 |
| September 13, 2024 - September 15, 2024 | $18.05 |
| September 16, 2024 - September 18, 2024 | $17.65 |
| September 19, 2024 - September 22, 2024 | $16.63 |
| September 23, 2024 | $9.02 |
| September 24, 2024 - October 2, 2024 | $9.36 |
| October 3, 2024 - October 9, 2024 | $9.11 |
| October 10, 2024 | $8.93 |
| October 11, 2024 - October 20, 2024 | $9.46 |
| October 21, 2024 - October 23, 2024 | $9.58 |
| October 24, 2024 | $9.60 |
| October 25, 2024 - October 27, 2024 | $7.91 |
| October 28, 2024 - October 29, 2024 | $13.48 |
| October 30, 2024 - November 7, 2024 | $13.63 |
| November 8, 2024 - February 6, 2025 | $0.01 |

**TABLE D**
**Estimated Artificial Inflation[16] Cap in Revance Notes**
**from February 29, 2024 through and including February 6, 2025**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 29, 2024 – September 15, 2024 | $17.75 |
| September 16, 2024 – September 22, 2024 | $17.35 |

---

[16] Revance note inflation is presented in terms of *per* $1,000 par value.  To find the raw, nominal cash price, multiply the given price by 10 (1% of $1,000).

- 21 -

| September 23, 2024 – October 24, 2024 | $9.74 |
|---|---|
| October 25, 2024 – October 27, 2024 | $8.05 |
| October 28, 2024 – November 7, 2024 | $13.63 |
| November 8, 2024 – February 6, 2025 | $0.01 |

**TABLE E**
**"90-Day" Look-Back Table for Revance Notes**
**(Closing Price[17] and Average Closing Price: February 6, 2025 – February 28, 2025)**

| Date | Closing Price | Average Closing Price Between February 06, 2025 and Date Shown |
|---|---|---|
| 2/6/2025 | $99.72 | $99.72 |
| 2/7/2025 | $99.75 | $99.74 |
| 2/10/2025 | $99.76 | $99.74 |
| 2/28/2025 | $99.95 | $99.80 |

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

52. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiffs, and all other Settling Plaintiffs' Releasees (as defined in ¶56 below) shall have waived, released, discharged and dismissed each and every one of the Released Plaintiffs' Claims (as defined in ¶53 below), including Unknown Claims (as defined in ¶57 below), against each and every one of the Defendants' Releasees (as defined in ¶55 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees, whether or not they execute and deliver the Claim Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

53. "Released Plaintiffs' Claims" means all claims (including, but not limited to, Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether

---

[17] Revance note prices are in terms of *per* $1,000 par value. To find the raw, nominal cash price, multiply the given price by 10 (1% of $1,000).

foreign or domestic, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in any of the complaints filed in the Action or in the actions styled *Gilmore v. Foley*, C.A. 2025-1415-NAC (Del. Ch.) and *Jones v. Foley*, C.A. 2026-0177-NAC (Del. Ch.); or (ii) could have asserted in the Action or in any other action in any other forum that (A) arise out of, are based upon, are related to any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment, or (B) relate to the purchase, acquisition, or holding of shares of Revance securities during the period of February 29, 2024 through the close of the subject Merger on February 6, 2025, inclusive (the "Class Period"), including common stock (CUSIP: 761330109; ticker "RVNC") and the 1.75% fixed coupon Convertible Senior Unsecured Notes (CUSIP 761330AB5).

54. "Released Defendants' Claims" means all claims (including, but not limited to, Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, assertion, resolution, or settlement of the Action. The foregoing release does not include claims relating to the enforcement of the Settlement, or any Excluded Claims.

55. "Defendants' Releasees" means the Defendants, as well as each of Defendants' direct and indirect subsidiaries, parents (including holding companies), affiliates (including as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, investment funds (including funds and accounts managed or advised by a Defendant or an affiliate thereof), joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, D&O Insurers (including reinsurers and co- insurers), assigns, assignees, and current and former employees, officers, and directors, members, partners, and limited partners of any other of the foregoing entities, in their capacities as such, as well as each of the Defendants' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, successors, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or members of his family, and any other entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

56. "Settling Plaintiffs' Releasees" means the Lead Plaintiffs, Lead Counsel and each and every Settlement Class Member, as well as each of their current and former parents, affiliates, and subsidiaries, and their respective principals, officers, directors, employees, consultants, representatives, parents, attorneys, agents, predecessors, and partners, in their capacities as such, and the spouses, members of the Immediate Families, representatives and heirs of any Settling Plaintiffs' Releasee who is an individual, as well as any trust of which any Settling Plaintiffs' Releasee is the settlor or which is for the benefit of any of their immediate family members in their capacities as such, as well as the heirs, successors and assigns of any of the foregoing.

- 23 -

57. "Unknown Claims" means any and all Released Claims against the Releasees which the Releasors do not know or suspect to exist in his, her, their, or its favor as of the Effective Date, which if known by the Releasors or the Releasees might have affected his, her, their, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, the Releasors shall have expressly waived, and each Settlement Class Member shall be deemed to have waived and by operation of the Judgment and Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code Section 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542. The Releasors and the Releasees may hereafter discover facts other than or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasors shall have expressly, fully, finally, and forever settled and released, and each Settlement Class Member upon the Effective Date shall be deemed to have and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all of their respective Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Stipulation.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

---

58. Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Lead Counsel been paid for their expenses. Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 33% of the Settlement Amount, plus interest. At the same time, Lead Counsel also intend to apply for payment from the Settlement Fund for counsel's Litigation Expenses in a total amount not to exceed $250,000, plus interest. The Court will determine the amount of the award of fees and expenses. Lead Plaintiffs may also seek awards not to exceed $25,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

- 24 -

59.     To be eligible for a payment from the proceeds of the Settlement, you must be a Settlement Class Member, and you must timely complete and return the Claim Form with adequate supporting documentation postmarked or submitted online by _____, 2026. You may go to the website maintained by the Claims Administrator for the Settlement to download a Claim Form. The website is www.RevanceSecuritiesSettlement.com. You may also request a Claim Form by calling toll-free (877) 507-1390. Those who submit a valid and timely request to exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I
EXCLUDE MYSELF?**

60.     To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the Revance Securities Settlement." To be valid, your letter must include the number of shares of Revance Securities purchased/acquired and sold during the Settlement Class Period and the dates and prices of each purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is received no later than _____, 2026 to:

*Revance Securities Settlement*
c/o A.B. Data, Ltd.
Claims Administrator
EXCLUSIONS
P.O. Box 173001
Milwaukee, WI 53217

61.     A request for exclusion shall not be effective unless it provides all the information called for in this Notice and is received within the time stated above, or is otherwise accepted by the Court. If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. If you exclude yourself, you may not send in a Claim Form to ask for any money. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendants Parties about the Released Claims in the future.

62.     Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendants Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendants Parties, speak to your lawyer in that

- 25 -

case immediately. You must exclude yourself from the Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

63. **If you do not wish to object in person to the certification of the proposed Settlement Class, the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and Litigation Expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.**

64. The Settlement Hearing will be held on _____, 2026, at _____ .m., before the Honorable Eli J. Richardson, at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203. The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

65. Any Settlement Class Member who did not request exclusion such that it was received no later than ____, 2026, may object to the proposed Class, Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

66. Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. To object to any aspect of the Settlement, you must send a signed letter saying that you wish to object to the proposed settlement in *In re Revance Therapeutics, Inc. Securities Litigation*. Include your name, address, email address, telephone number and your signature (even if you are represented by counsel), identify the date(s), price(s), and number and type of securities purchased, acquired, held, or sold of Revance Securities during the Settlement Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, fee and expense application and/or any other matter related to the Settlement, including any legal and evidentiary support for such objection.

67. The objection must also include a statement of whether the objector intends to appear at the Settlement Hearing. The objection must state whether it applies only to the objector, to a specific subset of the proposed Settlement Class, or to the entire proposed Settlement Class. In addition, the objector must identify all class action settlements to which the objector and his, her or its counsel have previously objected. Documentation establishing membership in the proposed Settlement Class must consist of copies of brokerage confirmation slips or monthly

- 26 -

brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

68.     Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* no later than _____, 2026:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203 | Andrew J. Entwistle, Esq. ENTWISTLE & CAPPUCCI LLP 500 West 2nd Street, Suite 1900 Austin, TX 78701<br><br>Robert N. Cappucci, Esq. ENTWISTLE & CAPPUCCI LLP 230 Park Avenue, 3rd Floor New York, NY 10169<br><br>Steven B. Singer, Esq. SAXENA WHITE P.A. 10 Bank Street Suite 882 White Plains, NY 10606 | Jordan D. Peterson, P.C. KIRKLAND & ELLIS LLP 601 Lexington Avenue New York, NY 10022<br><br>Jenness E. Parker, Esq. SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP One Rodney Square 920 N. King St. Wilmington, Delaware 19801 |

69.     You may not object to the Settlement or any aspect of it, if you excluded yourself from the Settlement Class.

70.     You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

71.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court so that the notice is received on or before ____, 2026.

72.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.RevanceSecuritiesSettlement.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

- 27 -

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement Class, proposed Settlement, the proposed Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

73. Nominees who purchased, acquired, or held Revance Securities for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement of reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Claims Administrator and up to $0.03 per Postcard Notice actually mailed or emailed, plus any postage at the rate used by the Claims Administrator, upon request and submission of appropriate documentation to the Claims Administrator. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free (877) 507-1390, and may be downloaded from the Settlement website, www.RevanceSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74. This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.RevanceSecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation and Agreement of Settlement

- 28 -

available at www.RevanceSecuritiesSettlement.com, or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.tnmd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Middle District of Tennessee, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Revance Securities Settlement*
c/o A.B. Data Ltd.
P.O. Box 173120
Milwaukee, WI 53217

**-or-**

Andrew J. Entwistle, Esq.
ENTWISTLE & CAPPUCCI LLP
500 West 2nd Street, Suite 1900
Austin, TX 78701

Robert N. Cappucci, Esq.
ENTWISTLE & CAPPUCCI LLP
230 Park Avenue, 3rd Floor
New York, NY 10169
aentwistle@entwistle-law.com
rcappucci@entwistle-law.com

**-or-**

Jonathan D. Lamet, Esq.
SAXENA WHITE P.A.
7777 Glades Road, Suite 300
Boca Raton, FL 33434
settlements@saxenawhite.com

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____

By Order of the Court
United States District Court
Middle District of Tennessee

- 29 -

# EXHIBIT 2

| | |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

## PROOF OF CLAIM AND RELEASE

### I.  GENERAL INSTRUCTIONS

1.  To recover as a member of the Settlement Class based on your claim in the action entitled *In re Revance Therapeutics, Inc. Securities Litigation,* No. 3:25-cv-0018-EJR (M.D. Tenn) (the "Action"), you must complete and, on page 6 below, sign this Proof of Claim and Release form ("Claim Form").[1]  If you fail to submit a timely and properly addressed (as explained in paragraph 3 of this section) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.  Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement of the Action.

3.  **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.REVANCESECURITIESSETTLMENT.COM NO LATER THAN _____, OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, ADDRESSED AS FOLLOWS**:

Revance Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173120
Milwaukee, WI 53217
www.RevanceSecuritiesSettlement.com

4.  Do not mail or deliver your Claim Form to the Court, the Parties to this Action, or their counsel.  Submit your Claim Form only to the Claims Administrator.

5.  If you are a member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided for therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

### II.  CLAIMANT IDENTIFICATION

1.  If you purchased or otherwise acquired Revance securities during the period of February 29, 2024 and February 6, 2025, inclusive (the "Settlement Class Period"), and held the common stock and/or convertible notes in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or otherwise acquired Revance common stock and/or convertible notes during the Settlement Class Period through a third party, such as a brokerage firm, you are the beneficial owner, and the third party is the record owner.

2.  Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of Revance common stock and convertible notes that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM

---

[1] All capitalized terms used herein that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation" or "Settlement Agreement").

QUESTIONS?  CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM.  PAGE 1

MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3. All joint owners must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons they represent, and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. IDENTIFICATION OF TRANSACTIONS

1. Use **Part II** of this form entitled "Schedule of Transactions in Revance Common Stock" to supply all required details of your transaction(s) in Revance common stock. If you need more space or additional schedules, attach separate sheets giving all the required information in substantially the same form. Sign and print or type your name on each additional sheet.

4. Use **Part III** of this form entitles "Schedule of Transactions in Revance 1.75% Fixed Coupon Convertible Senior Unsecured Notes" to supply all required details of your transaction(s) in Revance convertible notes. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

5. On the schedules, provide all the requested information with respect to *all of* your holdings, purchases, acquisitions, and sales of Revance common stock and convertible notes during the period from February 29, 2024 through and including February 6, 2025, whether or not the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

6. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Revance common stock. The date of a "short sale" is deemed to be the date of sale of the Revance common stock.

7. Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN REVANCE SECURITIES.**

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants with large numbers of transactions using the electronic filing format MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 507-1390 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

QUESTIONS?  CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM.  PAGE 2

# PART I:  CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name:

Co-Beneficial Owner's Name:

Record Owner/Entity Name (if claimant is not an individual):

Representative or Custodian Name (if different from Benefical Owner(s) listed above):

Address 1 (street name and number):

Address 2 (apartment, unit, or box number):

| City | State | Zip Code/Province Code | Country |
| --- | --- | --- | --- |
| | | | |

Social Security Number (Last four digits only) or Taxpayer Identification Number (last four digits):

| Telephone Number (Home): | Telephone Number (Cell): |
| --- | --- |
| | |

Email Address:

Account Number (if filing for multiple accounts, file a separate Claim Form for each account):

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts) ☐     Pension Plan ☐
Corporation ☐     Estate ☐
IRA/401k ☐     Trust ☐

Other_____ (please specify)

QUESTIONS?  CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM.  PAGE 3

# PART II: <u>SCHEDULE OF TRANSACTIONS IN REVANCE COMMON STOCK</u>

**1. HOLDINGS AS OF FEBRUARY 29, 2024** – State the total number of Revance common stock held as of the opening of trading on February 29, 2024. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list every purchase/acquisition of Revance common stock from after the opening of trading February 29, 2024 through and including February 6, 2025 (Must be documented.)

| Date of Purchase/Acquisition (Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |

**4. SALES DURING THE SETTLEMENT CLASS PERIOD**– Separately list each sale/disposition of Revance common stock from after the opening of trading on February 29, 2024, through and including the close of trading on February 6, 2025 (Must be documented.)

| Date of Sale (Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |

**5. END HOLDINGS –** State the total number of shares of publicly-traded Revance common stock held as of the close of trading on February 6, 2025. If none, write "zero" or "0." (Must be documented.)

QUESTIONS? CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM. PAGE 4

**PART III: SCHEDULE OF TRANSACTIONS IN REVANCE 1.75% FIXED COUPON CONVERTIBLE SENIOR UNSECURED NOTES**

**1. BEGINNING HOLDINGS** – State the total principal amount of Revance convertible notes held as of the opening of trading on February 29, 2024. (Must be documented.) If none, write "zero" or "0."

Revance Convertible Notes: $_____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Revance convertible notes from after the opening of trading on February 29, 2024, through and including the close of trading on February 6, 2025. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Total Principal Amount Purchased | Purchase/ Acquisition Price Per $100 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD FROM FEBRUARY 7, 2025 THROUGH February 28, 2025** – State the total principal amount of Revance convertible notes purchased/acquired (including free receipts) from after the opening of trading on February 7, 2025, through and including the close of trading on February 28, 2025. If none, write "zero" or "0."[2]

Revance Convertible Notes: $_____

**4. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH FEBRUARY 28, 2025**– Separately list each and every sale/disposition (including free deliveries) of Revance convertible notes from after the opening of trading on February 29, 2024, through and including the close of trading on February 28, 2025. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Total Principal Amount Sold | Sale Price Per $100 Face Value | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |

**5. ENDING HOLDINGS** – State the total principal amount of Revance convertible notes held as of the close of trading on February 28, 2025. (Must be documented.) If none, write "zero" or "0."

Revance Convertible Notes: $_____

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Revance convertible notes from after the opening of trading on February 7, 2025, through and including February 28, 2025, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

QUESTIONS?  CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM.  PAGE 5

## IV. SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s), or the person(s) acting on behalf of the claimant(s), certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of the Net Settlement Fund described in the Stipulation or any other plan of allocation approved by the Court. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein and in the Stipulation. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Revance Securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Revance Securities during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASES, WARRANTIES, AND CERTIFICATION

1. I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Stipulation, that I am (we are) not excluded from the Settlement Class, and that I am (we are) not one of the "Defendant Releasees" as defined in the Stipulation.

2. As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive and discharge with prejudice the Released Plaintiffs' Claims as to all the Defendant Releasees (as these terms are defined in the Stipulation). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4. I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation.

5. I (We) hereby warrant and represent that I (we) have included information about all my (our) purchases, acquisitions and sales of Revance Securities that occurred during the Settlement Class Period and the number of shares held by me (us), to the extent requested.

6. I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

7. I (We) acknowledge that I (We) will be bound by and subject to the term of any Judgment that may be entered in the Action; and

8. I (We) waive the right to trial by jury, to the extent it exists, and agree to any determination made by the Court regarding the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

I declare under penalty of perjury under the laws of the United States of America that all the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____ in _____, _____.
                            (Month / Year)                    (City)                    (State/Country)

_____      _____
Signature of Claimant                                      Signature of Joint Claimant, if any

_____      _____
Print Name of Claimant                                    Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

QUESTIONS?  CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM.  PAGE 6

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1.  Please sign this Claim Form.

2.  DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.  Attach only copies of supporting documentation as these documents will not be returned to you.

4.  Keep a copy of your Claim Form for your records.

5.  If you change addresses after submitting this Claim Form, please notify the Claims Administrator of the change in your address; otherwise, you may not receive additional notices or payment.

QUESTIONS?  CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM.  PAGE 7

# EXHIBIT 3

|  |  |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

## SUMMARY NOTICE

*IF YOU PURCHASED OR ACQUIRED SHARES OF REVANCE SECURITIES, INCLUDING COMMON STOCK (CUSIP: 761330109; TICKER "RVNC") AND 1.75% FIXED COUPON CONVERTIBLE SENIOR UNSECURED NOTES (CUSIP: 761330AB5), DURING THE PERIOD OF FEBRUARY 29, 2024 THROUGH THE CLOSE OF THE MERGER TRANSACTION WITH CROWN LABORATORIES, INC. ON FEBRUARY 6, 2025, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.[1]*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Middle District of Tennessee, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $17,000,000.00 in cash (the "Settlement). A hearing will be held on _____, 2026, at __:__ _.m., before the Honorable Eli J. Richardson, at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203, for the purpose of determining whether: (i) the proposed Class should be certified for settlement purposes, (ii) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (iii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; (iv) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), should be granted; and (v)

---

[1] The capitalized terms not otherwise defined herein shall have the same meaning as they have in the Stipulation and Agreement of Settlement ("Stipulation"). The Stipulation can be viewed and/or obtained at www.RevanceSecuritiesSettlement.com (the "Settlement Website"), the Court's Public Access to Court Electronic Records (PACER) system at or by contacting Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.tnmd.uscourts.gov, visiting the office of the Clerk of the Court, or by contacting the Claims Administrator or Lead Counsel as described herein. For the precise terms of the Settlement, please see the Stipulation and/or the Notice.

- 1 -

the judgment as provided under the Stipulation should be entered dismissing the Action with prejudice.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** You may obtain a copy of the Stipulation, the Notice of Proposed Settlement of Class Action (the "Notice") and the Proof of Claim Form at www.RevanceSecuritiesSettlement.com, or by contacting the Claims Administrator at: *Revance Securities Litigation*, c/o A.B. Data Ltd., P.O. Box 173120, Milwaukee, WI 53217 or calling 1-(877) 507-1390.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2026, or submit it online by that date. If you are a Settlement Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it will be received by ___, 2026, in accordance with the instructions set forth in the Notice. If you are a Settlement Class Member and do not exclude yourself from the Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim. If you submit a valid request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Class, Settlement, the Plan of Allocation or the fee and expense application must be filed with the Court no later than _____, 2026.[2]

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact the Claims Administrator by calling 1-(877) 507-1390 or Lead Counsel at the following addresses:

ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle, Esq.
500 West 2nd Street, Suite 1900
Austin, TX 78701
aentwistle@entwistle-law.com

SAXENA WHITE P.A.
Jonathan D. Lamet, Esq.
7777 Glades Road, Suite 300
Boca Raton, FL 33434
settlements@saxenawhite.com

Robert N. Cappucci, Esq.
230 Park Avenue, 3rd Floor
New York, NY 10169
rcappucci@entwistle-law.com

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

---

[2] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or deny the Settlement and cannot change the terms. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must clearly identify the case name and number (*In re Revance Therapeutics, Inc. Securities Litigation*, Case No. 3:25-cv-0018-EJR (M.D. Tenn.)) and include all information required by the Court as detailed in the Notice.

# EXHIBIT 4

**POSTCARD NOTICE OF: (I) PENDENCY OF CLASS ACTION; (II) MOTION FOR CERTIFICATION OF CLASS AND APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

*In Re Revance Therapeutics, Inc. Securities Litigation*

No. 3:25-cv-00018 (M.D. Ten.)

c/o A.B. Data Ltd.

P.O. Box 173120

Milwaukee, WI 53217

(877) 507-1390

www.RevanceSecuritiesSettlement.com

Court-Ordered Legal Notice

(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment. This notice may affect your legal rights.

Please read this notice carefully.

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.REVANCESECURITIESSETTLEMENT.COM OR CALL 1-(877) 507-1390 FOR MORE INFORMATION.

If you purchased Revance Therapeutics, Inc. ("Revance" or the "Company") common stock or 1.75% fixed coupon Convertible Senior Unsecured Notes from February 29, 2024 through February 6, 2025, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2026 at _____ before the Honorable Eli J. Richardson at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203 to determine whether the proposed settlement of the Action against Defendants Revance Therapeutics, Inc., Mark J. Foley and Tobin C. Schilke for $17 million in cash and the Plan of Allocation should be approved as fair, reasonable and adequate; whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court; whether the operative Settlement Class should be certified; and whether Lead Counsel's application for an award of attorneys' fees of up to 33% of the Settlement Amount, plus interest, and expenses not to exceed $250,000, plus interest, and awards to Lead Plaintiffs, should be granted. All capitalized terms used herein that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the U.S. securities laws, Defendants made material misrepresentations and omissions, with scienter, in connection with the Company's statements regarding the Company's business, operations, and prospects, the Company's relationship with Teoxane SA, and the transaction with Crown Laboratories, Inc. Defendants deny these allegations. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice and the Proof of Claim and Release Form by visiting the website: www.REVANCESECURITIESSETTLEMENT.com ("Settlement Website") or you may request copies from the Claims Administrator by: (i) mail: *Revance Securities Settlement*, c/o A.B. Data, P.O. Box 173120, Milwaukee, WI 53217; or (ii) call toll-free: 1-(877) 507-1390.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked or electronically no later than _____, 2026. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Claim Form, unless you exclude yourself from the Settlement Class. If you exclude yourself from the Settlement Class, you cannot get money from this Settlement. If you want to exclude yourself from the Settlement Class, you must submit a request for exclusion, such that it is postmarked no later than ____, 2026, to: Revance Securities Settlement, Exclusions, c/o A.B. Data, P.O. Box 173001, Milwaukee, WI 53217. If you do not exclude yourself and stay in the Settlement Class, you may object to the Settlement, Plan of Allocation and/or

the request for an award of attorneys' fees and expenses and awards to Lead Plaintiffs no later than _____, 2026.  The long-form Notice and the Settlement Website explain how to exclude yourself from the Settlement Class or how to object.

Lead Plaintiffs and the Settlement Class are represented by Lead Counsel: Andrew J. Entwistle at Entwistle & Cappucci LLP, 500 W. 2nd Street, Suite 1900, Austin, Texas 78701, aentwistle@entwistle-law.com and Robert N. Cappucci at Entwistle & Cappucci LLP, 230 Park Ave., 3rd Floor, New York, NY 10169, rcappucci@entwistle-law.com, and Jonathan D. Lamet at Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, settlements@saxenawhite.com.  You may, but do not have to, attend the Court hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Settlement Website or the Court's PACER site to confirm that the date has not been changed.  As detailed in the Notice, you may access the case docket via PACER or in person at any of the Court's locations.

# EXHIBIT D

|  |  |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

## PROOF OF CLAIM AND RELEASE

### I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Settlement Class based on your claim in the action entitled *In re Revance Therapeutics, Inc. Securities Litigation,* No. 3:25-cv-0018-EJR (M.D. Tenn) (the "Action"), you must complete and, on page 6 below, sign this Proof of Claim and Release form ("Claim Form").[1]  If you fail to submit a timely and properly addressed (as explained in paragraph 3 of this section) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.   Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement of the Action.

3.   **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.REVANCESECURITIESSETTLMENT.COM NO LATER THAN _____, OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, ADDRESSED AS FOLLOWS**:

Revance Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173120
Milwaukee, WI 53217
www.RevanceSecuritiesSettlement.com

4.   Do not mail or deliver your Claim Form to the Court, the Parties to this Action, or their counsel.  Submit your Claim Form only to the Claims Administrator.

5.   If you are a member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided for therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

### II.  CLAIMANT IDENTIFICATION

1.   If you purchased or otherwise acquired Revance  securities during the period of  February 29, 2024 and February 6, 2025, inclusive (the "Settlement Class Period"), and held the common stock and/or convertible notes in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or otherwise acquired Revance common stock and/or convertible notes during the Settlement Class Period through a third party, such as a brokerage firm, you are the beneficial owner, and the third party is the record owner.

2.   Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of Revance common stock and convertible notes that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM

---

[1] All capitalized terms used herein that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation" or "Settlement Agreement").

MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.     All joint owners must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons they represent, and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.  IDENTIFICATION OF TRANSACTIONS

1.     Use **Part II** of this form entitled "Schedule of Transactions in Revance Common Stock" to supply all required details of your transaction(s) in Revance common stock.  If you need more space or additional schedules, attach separate sheets giving all the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

4.     Use **Part III** of this form entitles "Schedule of Transactions in Revance 1.75% Fixed Coupon Convertible Senior Unsecured Notes" to supply all required details of your transaction(s) in Revance convertible notes.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

5.     On the schedules, provide all the requested information with respect to *all of* your holdings, purchases, acquisitions, and sales of Revance common stock and convertible notes during the period from February 29, 2024 through and including February 6, 2025, whether or not the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

6.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Revance common stock.  The date of a "short sale" is deemed to be the date of sale of the Revance common stock.

7.     Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN REVANCE SECURITIES.**

8.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants with large numbers of transactions using the electronic filing format MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 507-1390 to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

QUESTIONS?  CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM.  PAGE 2

## PART I: <u>CLAIMANT INFORMATION</u>

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name:

Co-Beneficial Owner's Name:

Record Owner/Entity Name (if claimant is not an individual):

Representative or Custodian Name (if different from Benefical Owner(s) listed above):

Address 1 (street name and number):

Address 2 (apartment, unit, or box number):

City                          State          Zip Code/Province Code                    Country

Social Security Number (Last four digits only) or Taxpayer Identification Number (last four digits):

Telephone Number (Home):              Telephone Number (Cell):

Email Address:

Account Number (if filing for multiple accounts, file a separate Claim Form for each account):

Claimant Account Type (check appropriate box):
  Individual (includes joint owner accounts) ☐     Pension Plan ☐
  Corporation                                ☐     Estate       ☐
  IRA/401k                                   ☐     Trust        ☐

  Other_____ (please specify)

QUESTIONS?  CALL (877) 507-1390 OR VISIT <u>WWW.REVANCESECURITIESSETTLEMENT.COM</u>.  PAGE 3

## PART II: <u>SCHEDULE OF TRANSACTIONS IN REVANCE COMMON STOCK</u>

**1. HOLDINGS AS OF FEBRUARY 29, 2024** – State the total number of Revance common stock held as of the opening of trading on February 29, 2024. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list every purchase/acquisition of Revance common stock from after the opening of trading February 29, 2024 through and including February 6, 2025 (Must be documented.)

| Date of Purchase/Acquisition (Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |

**4. SALES DURING THE SETTLEMENT CLASS PERIOD**– Separately list each sale/disposition of Revance common stock from after the opening of trading on February 29, 2024, through and including the close of trading on February 6, 2025 (Must be documented.)

| Date of Sale (Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |

**5. END HOLDINGS –** State the total number of shares of publicly-traded Revance common stock held as of the close of trading on February 6, 2025. If none, write "zero" or "0." (Must be documented.)

QUESTIONS? CALL (877) 507-1390 OR VISIT <u>WWW.REVANCESECURITIESSETTLEMENT.COM</u>. PAGE 4

**PART III: <u>SCHEDULE OF TRANSACTIONS IN REVANCE 1.75% FIXED COUPON CONVERTIBLE SENIOR UNSECURED NOTES</u>**

**1. BEGINNING HOLDINGS** – State the total principal amount of Revance convertible notes held as of the opening of trading on February 29, 2024. (Must be documented.) If none, write "zero" or "0."

Revance Convertible Notes: $_____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Revance convertible notes from after the opening of trading on February 29, 2024, through and including the close of trading on February 6, 2025. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Total Principal Amount Purchased | Purchase/ Acquisition Price Per $100 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | $ | $ | $ |
| / / | $ | $ | $ |
| / / | $ | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD FROM FEBRUARY 7, 2025 THROUGH February 28, 2025** – State the total principal amount of Revance convertible notes purchased/acquired (including free receipts) from after the opening of trading on February 7, 2025, through and including the close of trading on February 28, 2025. If none, write "zero" or "0."[2]

Revance Convertible Notes: $_____

**4. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH FEBRUARY 28, 2025** – Separately list each and every sale/disposition (including free deliveries) of Revance convertible notes from after the opening of trading on February 29, 2024, through and including the close of trading on February 28, 2025. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Total Principal Amount Sold | Sale Price Per $100 Face Value | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | $ | $ | $ |
| / / | $ | $ | $ |
| / / | $ | $ | $ |

**5. ENDING HOLDINGS** – State the total principal amount of Revance convertible notes held as of the close of trading on February 28, 2025. (Must be documented.) If none, write "zero" or "0."

Revance Convertible Notes: $_____

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Revance convertible notes from after the opening of trading on February 7, 2025, through and including February 28, 2025, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

## IV. SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s), or the person(s) acting on behalf of the claimant(s), certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of the Net Settlement Fund described in the Stipulation or any other plan of allocation approved by the Court. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein and in the Stipulation. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Revance Securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Revance Securities during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASES, WARRANTIES, AND CERTIFICATION

1. I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Stipulation, that I am (we are) not excluded from the Settlement Class, and that I am (we are) not one of the "Defendant Releasees" as defined in the Stipulation.

2. As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive and discharge with prejudice the Released Plaintiffs' Claims as to all the Defendant Releasees (as these terms are defined in the Stipulation). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4. I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation.

5. I (We) hereby warrant and represent that I (we) have included information about all my (our) purchases, acquisitions and sales of Revance Securities that occurred during the Settlement Class Period and the number of shares held by me (us), to the extent requested.

6. I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

7. I (We) acknowledge that I (We) will be bound by and subject to the term of any Judgment that may be entered in the Action; and

8. I (We) waive the right to trial by jury, to the extent it exists, and agree to any determination made by the Court regarding the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

I declare under penalty of perjury under the laws of the United States of America that all the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____ in _____, _____.
        (Month / Year)                                    (City)                          (State/Country)

_____          _____
Signature of Claimant                                    Signature of Joint Claimant, if any

_____          _____
Print Name of Claimant                                   Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1.   Please sign this Claim Form.

2.   DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.   Attach only copies of supporting documentation as these documents will not be returned to you.

4.   Keep a copy of your Claim Form for your records.

5.   If you change addresses after submitting this Claim Form, please notify the Claims Administrator of the change in your address; otherwise, you may not receive additional notices or payment.

QUESTIONS?  CALL (877) 507-1390 OR VISIT WWW.REVANCESECURITIESSETTLEMENT.COM.  PAGE 7

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

## <u>SUMMARY NOTICE</u>

*IF YOU PURCHASED OR ACQUIRED SHARES OF REVANCE SECURITIES, INCLUDING COMMON STOCK (CUSIP: 761330109; TICKER "RVNC") AND 1.75% FIXED COUPON CONVERTIBLE SENIOR UNSECURED NOTES (CUSIP: 761330AB5), DURING THE PERIOD OF FEBRUARY 29, 2024 THROUGH THE CLOSE OF THE MERGER TRANSACTION WITH CROWN LABORATORIES, INC. ON FEBRUARY 6, 2025, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.[1]*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Middle District of Tennessee, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $17,000,000.00 in cash (the "Settlement). A hearing will be held on _____, 2026, at __:__ _.m., before the Honorable Eli J. Richardson, at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203, for the purpose of determining whether: (i) the proposed Class should be certified for settlement purposes, (ii) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (iii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; (iv) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), should be granted; and (v)

---

[1] The capitalized terms not otherwise defined herein shall have the same meaning as they have in the Stipulation and Agreement of Settlement ("Stipulation"). The Stipulation can be viewed and/or obtained at www.RevanceSecuritiesSettlement.com (the "Settlement Website"), the Court's Public Access to Court Electronic Records (PACER) system at or by contacting Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.tnmd.uscourts.gov, visiting the office of the Clerk of the Court, or by contacting the Claims Administrator or Lead Counsel as described herein. For the precise terms of the Settlement, please see the Stipulation and/or the Notice.

- 1 -

the judgment as provided under the Stipulation should be entered dismissing the Action with prejudice.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** You may obtain a copy of the Stipulation, the Notice of Proposed Settlement of Class Action (the "Notice") and the Proof of Claim Form at www.RevanceSecuritiesSettlement.com, or by contacting the Claims Administrator at: *Revance Securities Litigation*, c/o A.B. Data Ltd., P.O. Box 173120, Milwaukee, WI 53217 or calling 1-(877) 507-1390.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2026, or submit it online by that date. If you are a Settlement Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it will be received by ____, 2026, in accordance with the instructions set forth in the Notice. If you are a Settlement Class Member and do not exclude yourself from the Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim. If you submit a valid request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Class, Settlement, the Plan of Allocation or the fee and expense application must be filed with the Court no later than _____, 2026.[2]

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact the Claims Administrator by calling 1-(877) 507-1390 or Lead Counsel at the following addresses:

ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle, Esq.
500 West 2nd Street, Suite 1900
Austin, TX 78701
aentwistle@entwistle-law.com

SAXENA WHITE P.A.
Jonathan D. Lamet, Esq.
7777 Glades Road, Suite 300
Boca Raton, FL 33434
settlements@saxenawhite.com

Robert N. Cappucci, Esq.
230 Park Avenue, 3rd Floor
New York, NY 10169
rcappucci@entwistle-law.com


DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

---

[2] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or deny the Settlement and cannot change the terms. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must clearly identify the case name and number (*In re Revance Therapeutics, Inc. Securities Litigation*, Case No. 3:25-cv-0018-EJR (M.D. Tenn.)) and include all information required by the Court as detailed in the Notice.

**POSTCARD NOTICE OF: (I) PENDENCY OF CLASS ACTION; (II) MOTION FOR CERTIFICATION OF CLASS AND APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

*In Re Revance Therapeutics, Inc. Securities Litigation*
No. 3:25-cv-00018 (M.D. Ten.)
c/o A.B. Data Ltd.
P.O. Box 173120
Milwaukee, WI 53217
(877) 507-1390

www.RevanceSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.

Case 3:25-cv-00018 Document 62-1 Filed 03/20/26 Page 158 of 159 PageID #: 2238

*In re Revance Therapeutics, Inc. Securities Litigation*,
No. 3:25-cv-00018-EJR (M.D. Tenn.)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.REVANCESECURITIESSETTLEMENT.COM OR CALL 1-(877) 507-1390 FOR MORE INFORMATION.

If you purchased Revance Therapeutics, Inc. ("Revance" or the "Company") common stock or 1.75% fixed coupon Convertible Senior Unsecured Notes from February 29, 2024 through February 6, 2025, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2026 at _____ before the Honorable Eli J. Richardson at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203 to determine whether the proposed settlement of the Action against Defendants Revance Therapeutics, Inc., Mark J. Foley and Tobin C. Schilke for $17 million in cash and the Plan of Allocation should be approved as fair, reasonable and adequate; whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court; whether the operative Settlement Class should be certified; and whether Lead Counsel's application for an award of attorneys' fees of up to 33% of the Settlement Amount, plus interest, and expenses not to exceed $250,000, plus interest, and awards to Lead Plaintiffs, should be granted. All capitalized terms used herein that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the U.S. securities laws, Defendants made material misrepresentations and omissions, with scienter, in connection with the Company's statements regarding the Company's business, operations, and prospects, the Company's relationship with Teoxane SA, and the transaction with Crown Laboratories, Inc. Defendants deny these allegations. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice and the Proof of Claim and Release Form by visiting the website: www.REVANCESECURITIESSETTLEMENT.com ("Settlement Website") or you may request copies from the Claims Administrator by: (i) mail: *Revance Securities Settlement*, c/o A.B. Data, P.O. Box 173120, Milwaukee, WI 53217; or (ii) call toll-free: 1-(877) 507-1390.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked or electronically no later than _____, 2026. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Claim Form, unless you exclude yourself from the Settlement Class. If you exclude yourself from the Settlement Class, you cannot get money from this Settlement. If you want to exclude yourself from the Settlement Class, you must submit a request for exclusion, such that it is postmarked no later than ____, 2026, to: Revance Securities Settlement, Exclusions, c/o A.B. Data, P.O. Box 173001, Milwaukee, WI 53217. If you do not exclude yourself and stay in the Settlement Class, you may object to the Settlement, Plan of Allocation and/or

the request for an award of attorneys' fees and expenses and awards to Lead Plaintiffs no later than _____, 2026. The long-form Notice and the Settlement Website explain how to exclude yourself from the Settlement Class or how to object.

Lead Plaintiffs and the Settlement Class are represented by Lead Counsel: Andrew J. Entwistle at Entwistle & Cappucci LLP, 500 W. 2nd Street, Suite 1900, Austin, Texas 78701, aentwistle@entwistle-law.com and Robert N. Cappucci at Entwistle & Cappucci LLP, 230 Park Ave., 3rd Floor, New York, NY 10169, rcappucci@entwistle-law.com, and Jonathan D. Lamet at Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, settlements@saxenawhite.com. You may, but do not have to, attend the Court hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time. Please check the Settlement Website or the Court's PACER site to confirm that the date has not been changed. As detailed in the Notice, you may access the case docket via PACER or in person at any of the Court's locations.