# EXHIBIT 2

| | |
|---|---|
| IN RE REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | C.A. No. 3:25-cv-0018-EJR<br><br>District Judge Eli J. Richardson<br>Mag. Judge Jeffery S. Frensley |

**DECLARATION OF JED D. MELNICK, ESQ. IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Jed D. Melnick, Esq., declare and state as follows:

1.      I have been a full-time mediator for complex class action claims since 2005, and I currently serve as a mediator at JAMS Mediation, Arbitration and ADR Services in New York, NY. I have mediated over one thousand disputes, including complex securities class actions and shareholder derivative actions.[1]

2.      Among numerous recognitions, I was ranked Band 1 on the National Mediators list by *Chambers and Partners* after being ranked for the preceding three years.  I was awarded the distinction of being an ADR Champion by *The National Law Journal* as well as being invited to speak about "Mediation Strategies for Judges" as the closing presenter at the annual Delaware Judiciary Retreat.  I have published several articles on mediation, founded a nationally ranked dispute resolution journal and trained many young mediators.  I previously served on the Adjunct Faculty at the University of Pennsylvania, School of Law Mediation Clinic.

3.      I make this declaration based on my personal knowledge and am competent to testify to the matters set forth herein.  My statements and those of the Parties during the mediation

---

[1] *See* https://www.jamsadr.com/melnick/

proceedings are subject to a confidentiality agreement, and I do not intend to waive that agreement. The Parties have consented to my submitting this declaration regarding the negotiations which led to the proposed Settlement.[2]

4. As discussed below, I believe the proposed Settlement in this Action with the Defendants for the total amount of $17,000,000 in cash—after a rigorous mediation process— represents a well-reasoned and sound resolution to the complicated and uncertain claims at issue in this litigation. The Court, of course, will make determinations as to the "fairness" of the Settlement under applicable legal standards. From a mediator's perspective, however, I recommend the proposed Settlement as reasonable, arm's length and consistent with the risks and potential rewards of the claims asserted in the Action.

5. As detailed below, I oversaw the extensive settlement negotiations in this case covering a full-day mediation session and subsequent negotiations, which culminated in the Parties agreeing to the $17 million Settlement.

6. Specifically, following the Parties' agreement to select me as mediator in December 2025, the Parties prepared and exchanged detailed mediation statements addressing the facts and law of the case, including, among other things, the Parties' disputed arguments regarding falsity, scienter, loss causation and damages.

7. On January 22, 2026, the Parties, Defendants' directors' and officers' liability insurance carriers and I participated in an in-person, full-day mediation session. During the mediation session, the Parties made detailed presentations, and we discussed the merits of the case, including liability and damages. Counsel for both Lead Plaintiffs and Defendants presented

---

[2] Unless otherwise indicated, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated March 20, 2026 (the "Settlement Agreement" or "Stipulation").

significant arguments regarding their clients' positions.  However, at the end of the day, it was clear that the two sides were far apart, and consequently the mediation session ended without resolution.

8.　　After the mediation session, I continued to oversee the Parties' further negotiations via email and phone.  On January 29, 2026, I issued a proposal to settle the Action for $17 million.  The Parties agreed to my proposal on February 1, 2026, subject to execution of the Stipulation and Court approval of the proposed Settlement.

9.　　Based on my involvement in the negotiations, review and analysis of the Parties' comprehensive mediation submissions, extensive communications with the Parties and assessment of the risks in this Action, I believe the Settlement provides immediate, fair and adequate compensation to the Settlement Class, as well as the benefits of avoiding the time, expense and risk entailed in further litigation.  I also believe the mediation process involved hard-fought negotiations from beginning to end and was conducted by experienced and able counsel on both sides, and that the negotiations between the Parties were vigorous, conducted at arm's length and in good faith.

10.　　Indeed, the Settlement is the direct result of all counsel's experience, reputation and ability in these types of complex class actions.  I can attest that the advocacy I witnessed was of the highest caliber.  As experienced litigators, the Parties' counsel understood that continued litigation promised to be lengthy, expensive and uncertain.  The Parties' counsel exhibited great effort, creativity, zeal and professionalism in representing their respective clients' interests.

11.　　The Settlement provides the Settlement Class with a significant recovery in the face of potentially losing some or all of the critical pre-trial motions, and, of course, the risk of losing at a jury trial or on appeal.  Balancing the very real risks and costs of continued litigation, against the certain, immediate and substantial benefits achieved by the proposed Settlement, further

3

confirms that the proposed Settlement is fair and reasonable for Settlement Class Members. This takes into account the relative strengths of Lead Plaintiffs' allegations, Defendants' denials of wrongdoing and the risks associated with both liability and calculating damages.

12. In light of these considerations, it is my opinion that the Settlement is fair and reasonable, and I respectfully support the Court's approval of the Settlement in all respects.

13. In conclusion, based upon my experience as a neutral mediator, I believe this Settlement represents a recovery and outcome that is reasonable and fair for the Settlement Class and all Parties involved. I further believe the Settlement is in the best interests of all Parties because they avoid the burdens and risks associated with taking this case through further motion practice, summary judgment, trial and post-trial appeals. I, therefore, strongly support approval of the Settlement in all respects.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of March, 2026.

*/s/Jed D. Melnick, Esq.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ J. Gerard Stranch IV*
J. Gerard Stranch IV